Fowler and another vs. Hunt.

*January 10 — February 3, 1880.*

CHATTEL MORTGAGE. *Description of property.*

A chattel mortgage which described the mortgaged property as "the entire stock in trade and fixtures" of the mortgagee, "consisting of clocks, watches, chains, show cases, jewelry, and all goods included in his stock, tools and material, excepting one safe, one regulator . . . *and stock in trade to the amount of two·hundred dollars* " — *held* void for uncertainty.

APPEAL from the Circuit Court for *Crawford* County.

The defendant as sheriff levied upon certain goods and chattels by virtue of executions against the property of one Wetzel, in whose possession the goods were found. Plaintiffs claimed a right to the possession of the property by virtue of a mortgage thereof executed by Wetzel to them about a month be-

fore the seizure, to secure the payment of $424, the purchase money of goods sold by them to Wetzel; which mortgage was filed in the proper clerk's office on the day of its execution. The answer averred, among other things, that the mortgage was in fraud of creditors, and that it did not cover the goods in dispute. The description of the property in the mortgage will appear from the opinion.

The plaintiffs had a verdict and judgment for the amount of the mortgage debt; and defendant appealed from the judgment.

For the appellant, there were separate briefs by *M. M. & D. Webster* and *Thomas & Fuller*, and oral argument by *Mr. Thomas*.

For the respondents, there was a brief by *Wm. H. Evans* and *Stoneman & Chapin*, and oral argument by *Mr. Evans*.

ORTON, J. The chattel mortgage on which the plaintiffs predicate their right to the property, the value of which they seek to recover in this action, was clearly void for uncertainty of description. The language of description is as follows: "The entire stock in trade and fixtures of the said William Wetzel, consisting of clocks, watches, chains, show cases, jewelry, and all goods included in his stock, tools and material, *excepting* one safe, one regulator, one astronomical clock, two musical clocks, *and stock in trade to the amount of two hundred dollars.*"

This exception leaves in the mortgagor a proportionate interest in each article mortgaged, as $200 is to the whole value of the property, uncertain and unsevered, and which is unseverable and incommutable, except by some future act of the parties; or the mortgage leaves a right of future selection of *any* of the property to the mortgagor of the value of $200, the residue of which can be ascertained only by such selection; and, in either view, such uncertainty of description renders the mortgage void.

" In order to transfer the right of property in goods or chattels, the chattel intended to be conveyed must be ascertained and identified at the time of the execution of the instrument." Herman on Chat. Mort., § 38.

Where a mortgage is of property, and there is a larger quantity in the possession of the mortgagor than is specified in the description, and no *particular* description of the articles, otherwise than by their general class or number, nor any selection or delivery of the articles, nor any specification as to which are intended, out of a large lot of articles then on hand, such mortgage will be ineffectual to pass any title to any particular property, or to any interest in the property on hand. Herman on Chattel Mortgages, § 42; *Croswell v. Allis*, 25 Conn., 311; *Blakely v. Patrick*, 67 N. C., 40. So, when the exception to the things granted is, " such articles as are by law exempt from levy and sale under execution," and the exemption would apply as well to any of the articles named, the mortgage is void for uncertainty.

In such case the court, in *Newell v. Warner*, 44 Barb., 263, very properly said: " The articles attempted to be sold by the mortgage are all capable of being identified and distinguished by their physical attributes. But how many and which of them became the property of the plaintiff upon the execution and delivery of the mortgage? The instrument does not profess to convey *all*, but a *part* only. *Which* part does it *transfer*, and which *reserve?*"

The mortgage having been admitted in evidence in proof of the title of the plaintiffs to the property alleged to have been converted by the defendant, and against the objection of the defendant, the circuit court erred in a most material point.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.