### ZIELKE VS. MORGAN.

*December 1 — December 17, 1880.*

EXEMPTION. *(1) Claim and selection of "stock in trade." (2) Estoppel of claim.*

REVERSAL OF JUDGMENT: *(3) For instructions not misleading.*

WAIVER: *(4) Of objection to instructions.*

1. The exemption of $200 worth of "stock in trade" from a larger stock (subd. 8, sec. 2982, R. S.) must be claimed, and the articles selected, by the debtor at the time of the levy, or within a reasonable time thereafter, or it is *waived*.

2. Where one has mingled with a stock of goods in his hands subject to sale for the debts of a third person, other goods not subject to such sale, so that the latter are indistinguishable except by himself, *it seems* that it is his duty to point these out and demand them of the officer who levies on the stock as property of such third person; and a neglect to do so is a waiver of his right. But, at least, where, in response to the officer's demand, he undertakes to state the nature of his claim to the goods, he is *estopped* from afterwards claiming them by a *different* title.

3. A judgment will not be reversed for the giving of instructions not strictly correct upon abstract questions of law, where, under all the instructions taken together, the jury could not have been misled to appellant's injury.

4. The presiding judge, before argument to the jury, stated to counsel that he should submit to the jury only one specified question of fact. Thereupon, before argument, appellant's counsel asked instructions involving the determination of other questions of fact, which were refused; but, after the close of the argument, the judge gave instructions on the same subjects, which required the jury to determine still other questions of fact. *Held*, that the appellant, by his own requests, had waived any objection to the submission of further questions to the jury.

APPEAL from the Circuit Court for *Winnebago* County.

Action by *Frederick Zielke, Sr.*, for the unlawful taking and conversion of goods alleged to be of the value of $3,500. Defendant took the goods as sheriff, under a writ of attachment against the property of Frederick Zielke, Jr.; and his answer alleged that the plaintiffs in the attachment suit recovered judgment for $2,486 and costs, and that the goods were

not worth more than $1,762. The plaintiff claimed most of the goods under a bill of sale from Frederick Zielke, Jr.; but also claimed that a portion thereof, of the value of about $37, was purchased from other parties, and that another portion thereof, of the value of about $262, had been replevied by him from a constable who had previously taken them on an attachment against Frederick Zielke, Jr., and that the plaintiff had given his bond for the same; and that these portions were distinguishable from that part of the goods purchased from Frederick Zielke, Jr.

After the testimony was closed, but before the argument, and before any instructions had been requested, the judge stated to the attorneys engaged in the trial, that he would submit to the jury only the question of the *bona fides* of the sale from Zielke, Jr., to the plaintiff; and he did not, before the close of the argument, inform them to the contrary. Afterwards, before the argument commenced, plaintiff's counsel requested the following among other instructions: 1. That if plaintiff purchased some parts of the goods in dispute from some person or persons other than F. Zielke, Jr., and the latter never owned the same, then as to such parts plaintiff was entitled to recover. 2. That if F. Zielke, Jr., at the time of his bill of sale to plaintiff, owned and possessed the stock in trade therein described, then $200 in value thereof was by law exempt from attachment and execution against him, and he had a right to transfer the same to any person, without consideration, and it was immaterial what his motives were in making the transfer. 3. That plaintiff was entitled to recover as to the goods replevied by him from a constable, as above stated. These instructions were refused. After the argument was closed, the judge instructed the jury at length, in accordance with the views expressed in the opinion of the court herein, and submitted to the jury the questions of fact, whether the goods not included in the bill of sale from F. Zielke, Jr., had been commingled with the goods included therein; whether

---

Zielke vs. Morgan.

---

plaintiff had informed defendant of that fact; and whether defendant had made the levy in ignorance thereof.

There was a verdict for the defendant as to all the property in dispute; and plaintiff appealed from a judgment on the verdict.

For the appellant there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Thompson:*

1. The court below failed to distinguish between a *confusion* of goods and a simple *intermingling* of property which may be identified. The rules of law relative to the former are not applicable to the latter. *Holbrook v. Hyde,* 1 Vt., 286; *Moore v. Bowman,* 47 N. H., 494; *Kingsbury v. Pond,* 3 id., 513; *Gilman v. Hill,* 36 id., 311; *Davis v. Stone,* 120 Mass., 228; *Smith v. Sanborn,* 6 Gray, 134; *Treat v. Barber,* 7 Conn., 274; *Carlton v. Davis,* 8 Allen, 94; *Morrill v. Keyes,* 14 id., 222. Where there is a confusion of goods, brought about by the unlawful or fraudulent act of the claimant, the officer may seize the whole. 2 Bl. Comm., 405; 2 Kent's Comm., 364; *Ryder v. Hathaway,* 21 Pick., 298. Where the confusion is not unlawful or fraudulent, the owners become tenants in common, and the officer may seize the whole, but can sell only the debtor's share. Story on Bailm., § 40; *Lewis v. Whittemore,* 5 N. H., 364; *Shumway v. Rutter,* 8 Pick., 443; *Moore v. Bowman,* 47 N. H., 503. But to justify the attachment of goods in their nature distinguishable, as were the goods in question, on the ground of intermixture, the officer must show that they were so mixed that, upon due inquiry, he could not distinguish those of the debtor from the others. Drake on Attach., sec. 199; *Moore v. Bowman, supra; Walcott v. Keith,* 22 N. H., 211; *Wilson v. Lane,* 33 id., 476. If an officer attaches goods in the hands of A. as the property of B., on the ground that A.'s purchase from B. is fraudulent as to B.'s creditors, he must first endeavor to ascertain whether any part of such goods are honestly owned by A., so that B.'s creditors have no legitimate claim thereto. It

Zielke vs. Morgan.

is the duty of the officer to make the inquiry in the first instance, and not that of the other party to disclose. *Smith v. Sanborn,* 6 Gray, 136; *Carlton v. Davis,* 8 Allen, 97; *Morrill v. Keyes,* 14 id., 225; *Moore v. Bowman,* 47 N. H., 494. It is even held that the claimant cannot be required to select his own when called upon by the officer to do so, and that the officer must act at his peril. Drake on Attach., sec. 199; *Treat v. Barber,* 7 Conn., 274; *Davis v. Stone,* 120 Mass., 228. And the claimant has the right to insist upon his title to the whole, and cannot be deprived of the opportunity of testing it. 11 Cent. L. J., 134; *Treat v. Barber, supra.* 2. Two hundred dollars worth of the goods attached were exempt to F. Zielke, Jr., before the sale thereof to the plaintiff. The sale, to that extent, could not be fraudulent as to creditors. *Dreutzer & Bell,* 11 Wis., 118; *Carhart v. Harshaw,* 45 id., 340. As to that portion of the goods, therefore, the plaintiff is not in the position of a debtor claiming an exemption, but is the owner claiming under a title which the creditors of F. Zielke, Jr., cannot question. 3. Just before the argument, the judge stated to counsel that he should submit to the jury only the question of the *bona fides* of the sale from Zielke, Jr., to plaintiff; yet by his instructions he submitted to them other questions, without affording counsel any opportunity to discuss them. A verdict rendered under such circumstances ought not to stand. *Brown v. Swineford,* 44 Wis., 293.

For the respondent there was a brief by *Finch & Barber,* and oral argument by *Mr. Barber:*

1. Exemption of personal property is a privilege personal to the debtor, and can be exercised by no one else. *Russell v. Lennon,* 39 Wis., 574; *Pond v. Kimball,* 101 Mass., 105. So, when property which might have been claimed by the debtor as exempt, is mixed with property not exempt, and the whole fraudulently transferred, there can be no exemption, if the debtor himself makes no claim therefor. *Huey's Appeal,* 29 Pa. St., 219; *Carl v. Smith,* 28 Leg. Int., 366; *Stevenson*

*v. White*, 5 Allen, 148; *Newman v. Willetts*, 52 Ill., 98. If the transfer is void in part, it is void *in toto*. Bump on Fraud. Con., 470; *Harding v. Harding*, 25 Vt., 487. If certain articles are by law specifically exempted, no selection or claim for the exemption thereof is necessary. Thompson on Homest. & Ex., § 833. So, if the statute exempts property of a certain value, and the debtor has only the amount of the exemption, no claim or selection is necessary. But if the property of the debtor exceeds the exemption, he must make a selection and claim of the amount exempted. If he does not exercise this privilege, it will be deemed to be waived, and the officer will be justified in taking and selling the whole. *Twinam v. Swart*, 4 Lans., 263; *Gresham v. Walker*, 10 Ala., 374; *Simpson v. Simpson*, 30 id., 225; *Lindley v. Miller*, 67 Ill., 244; *State v. Manly*, 15 Ind., 8; *Perkins v. Bragg*, 29 id., 507; *Gregory v. Latchem*, 53 id., 449; *Tullis v. Orthwein*, 5 Minn., 377; *Howland v. Fuller*, 8 id., 50; *Orr v. Box*, 22 id., 487; *Dains v. Prosser*, 32 Barb., 291; *Baker v. Brintnall*, 52 id., 188; *Smith v. Hill*, 22 id., 656; *Seaman v. Luce*, 23 id., 240; *Conley v. Chilcote*, 25 Ohio St., 320; *Butt v. Green*, 29 id., 667; *Frost v. Shaw*, 3 id., 270; *Bair v. Steinman*, 52 Pa. St., 423; *Strouse's Ex'r v. Becker*, 44 id., 206; *Dodson's Appeal*, 25 id., 232; *Miller's Appeal*, 16 id., 300; Thompson on Homest. & Ex., §§ 333, 820–823. The same principle has been laid down in this state. *Gilman v. Williams*, 7 Wis., 330; *Maxwell v. Reed*, id., 582; *Wright v. Pratt*, 31 id., 99; *Heath v. Keyes*, 35 id., 668; *Russell v. Lennon*, 39 id., 570; *Fick v. Mulholland*, 48 id., 417. 2. If the plaintiff intermingled the goods replevied by him with those purchased from his son, and the officer did not know of this fact, and no demand was ever made, there can be no recovery for the taking of such goods. *Single v. Barnard*, 29 Wis., 470; *Root v. Bonnema*, 22 id., 539; *Jenkins v. Steanka*, 19 id., 126; *Beach v. Schmultz*, 20 Ill., 185; *Dillingham v. Smith*, 30 Me., 370; *Foster v. Cushing*, 35 id., 60. 3. Instructions upon

other questions than that of fraud in the sale from Zielke, Jr., were asked for on the part of the appellant alone, and those given were favorable to him; and he cannot complain of them.

ORTON, J. It is conceded that the sale of the goods taken by the respondent, on the attachment against Frederick Zielke, Jr., by him to the appellant, was fraudulent and void. But it is claimed that a part of the goods so taken, of the value of $200, was the lawful exemption of Zielke, Jr., and therefore passed by such sale to the appellant; and a part, of about the value of $37, was purchased by the appellant from other persons than Zielke, Jr.; and a part, of about the value of $262, the appellant had replevied from a constable who had taken them previously on an attachment against Zielke, Jr., and had given bond for the same; and that therefore these several classes of goods belonged absolutely to the appellant, irrespective of such fraudulent sale.

The first question arises, as to this claim of exemption, whether the goods so claimed to be exempt were not lawfully required to be specifically claimed and selected at the time of the levy or before the sale. This is not a specific exemption, which, it has been held by this court, need not be claimed by the debtor, but which the officer takes at his risk, as in *Gilman v. Williams*, 7 Wis., 329, and many other cases; nor is it a case where all of the property does not exceed the exemption, and which is therefore specific. It is an exemption of goods as stock in trade, of the value of $200, part and parcel of a stock of goods of the value of several thousand dollars, which must necessarily be selected and set apart, and rendered specific and certain, by some one, and the question is, by whom? Such an exemption has been recently held by this court to be so uncertain and undetermined as to render a chattel mortgage absolutely void for uncertainty, in which such an exemption is excepted and reserved. *Fowler v. Hunt*, 48 Wis., 345. Within the reason of that case it might properly be held that

such an exemption is void and inoperative until made certain by selection.

In *Maxwell v. Reed*, 7 Wis., 582, it is virtually held that any exemption may be waived by the debtor at the time of the levy; and in *Russell v. Lennon*, 39 Wis., 570, it is held that the right of exemption is a personal privilege of the debtor individually, and which cannot be exercised by a partnership; and that each of the partners may sever and claim each his exemption in the partnership property. This would seem to imply that, as to an uncertain exemption like this, each partner must make definite and certain his exemption by a specific claim and selection. In *Fick v. Mulholland*, 48 Wis., 417, it is taken as granted that a selection of exemption must be made by the debtor himself, by treating as a material question of fact whether it had been so made. The true principle, sustained by reason, and, as we think, by the better and more numerous authorities, is, that whenever the exemption is not *specific* and *certain*, and a *selection* is necessary, that selection devolves upon the debtor. In such a case the law has favored him with the personal privilege of a choice and election what specific articles, to be taken out of the general stock, he will claim and withhold as his exempted property, of the value of $200. That being so, he would certainly not be bound by the choice and election made by the officer, either in his absence or in his presence, unless assenting to it. In such a case the law is correctly stated by Mr. Thompson, in his work on Homestead and Exemptions, § 821: "The debtor has a right to elect what property, not exceeding the statutory limit of value, he will retain. Such election must be made at the time, or within a reasonable time after notice from the officer that he has made a levy; and, in default of such election and notice to the officer, the debtor cannot recover damages for a wrongful conversion of the property."

This statement of the law is supported by many authorities cited by the author, and many more cited by the learned coun-

sel of the respondent, and is unquestionably correct as applied to this case, in which no selection of the exemption was ever made by either *Zielke, Sr.* or Zielke, Jr. This disposes of the instruction relating to the exemption, which was, substantially, that the plaintiff was not now in a position to claim that any part of the goods were exempt.

The exceptions to the giving and refusal of instructions relating to the other two classes of goods so claimed by the appellant, must be considered in view of the rule in *Scheike v. Johnson*, 39 Wis., 384, and *Dorsey v. The Phillips & Colby Const. Co.*, 42 Wis., 584, " that the whole charge of the court must be construed together, and with reference to the issues and the evidence in the case;" and, although some parts of it may not be strictly correct as abstract propositions of law, yet, if the jury were not misled as to the law applicable to the case, such objections will be disregarded. There was evidence which would have warranted the jury in finding, and the jury must now be presumed to have found, that these classes of goods were so mingled in and with the general stock of goods so taken by the respondent on the attachment, as to be indistinguishable, except by the appellant himself, and that the respondent had no knowledge of their identity or that they were embraced in the stock, and that the appellant said nothing about them at the time of the levy. The jury are now presumed to have found true also the following testimony of the appellant himself: *Question.* " At the time the officers made the attachment, what did you say about the ownership of the goods, and when you got them?" *Answer.* " He spoke first with my son; told me he wanted to take the goods out of here. Then I went up to him and said, ' *Mr. Morgan*, these are my goods; they don't belong to my son; I bought them.' I told him I bought them of my son; I said nothing more to him." There was evidence also that the bill of sale from Frederick Zielke, Jr., to the appellant, was exhibited in connection with these statements. These being

the facts which the jury may be presumed to have found, the instructions given and those refused must be construed with reference to them, and they really come to the point of difference and materiality upon the single question whether it was the duty of the appellant to have demanded these particular goods and to have attempted a selection of them at the time of the levy or before the sale. The instructions asked substantially assert that it was not, and that the respondent was bound to know, and took the whole stock at his risk. The instructions given substantially assert that it was the duty of the appellant to have demanded and pointed out these particular goods at the time, and in default thereof he waived his right. The authorities elsewhere seem to be in great conflict as to the duty of the claimant of particular goods, which he has indiscriminately intermingled with the goods of the defendant in the attachment, where he is present at the time of the levy, and the officer has no knowledge or information that his goods are so intermingled; and is unable to identify or separate them. But the principle more consonant with reason and justice, and we think sustained by the better authority, is, that it is the duty of the claimant to demand his particular goods under such circumstances, and assert his claim, and in default thereof he waives such claim altogether. Perhaps this identical question has never been decided by this court, but it would seem that the same principle has been recognized in, cases strongly analogous, as in *Jenkins v. Steanka*, 19 Wis., 126; *Root v. Bonnema*, 22 Wis., 539; *Single v. Barnard*, 29 Wis., 470.

But this case need not be rested on this principle alone, for we have seen that there was testimony that the officer did call on the appellant to assert his claim to the goods, and he did assert it, and predicated such claim *solely* upon his bill of sale and purchase of the goods from his son, Frederick Zielke, Jr., and did not then pretend that he had any other claim to the stock of goods or any part of it. Here was most clearly mat-

ter of *estoppel*. The appellant not only did not claim any parts of the stock by any particular right, irrespective of his purchase from his son, but made a claim utterly inconsistent with such particular right by claiming the whole stock by this fraudulent purchase, and thereby induced the respondent to believe that he had no other right. This not only constituted a waiver of his particular right by failure to claim it at the proper time, but it should operate as an estoppel. The appellant "should *now* be bound by the state of facts which he *then* induced the respondent to act upon." Bigelow on Fraud, 438; *Vilas v. Mason*, 25 Wis., 310; *Perry v. Williams*, 39 Wis., 339.

Some exceptions were taken to the introduction of evidence by the counsel of the appellant, but are not urged here, and we can perceive no ground for them. The exception taken to the submission of more questions to the jury than first intimated by the court, by which the learned counsel of the appellant lost his right of argument to the jury upon such other questions, was clearly waived by his voluminous requests afterwards to charge the jury upon those questions.

*By the Court.*— The judgment of the circuit court is affirmed, with costs.