## WICKER vs. COMSTOCK.

*April 22 — May 10, 1881.*

EXEMPTION FROM EXECUTION. *(1).* "*Stock in trade.*" *(2) Waiver of right to exemption.*

52  315<br>87  132<br>52  315<br>101  383

1. The statute which exempts from execution "the tools and implements, or *stock in trade*, of any mechanic, miner *or other person*, used or kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value " (subd. 8, sec. 2982, R. S.), *held* to apply to the stock of goods on sale by a *merchant.*

2. In general, where a debtor's whole stock in trade, exceeding in value two hundred dollars, has been seized, his neglect or refusal to select the specific articles which he will retain as exempt is a waiver of his right to the exemption; but if the officer refuses to give him an opportunity to make a selection, or denies his right to any exemption, the want of actual selection by the debtor will not be a waiver of his right. *Zielke v. Morgan,* 50 Wis., 560, distinguished.

APPEAL from the Circuit Court for *Jackson* County.

Action to recover damages for an alleged unlawful seizure and conversion by defendant of plaintiff's goods. The complaint alleges that plaintiff is a merchant, residing and doing

business at Merillan, in this state; that defendant, who is a
constable, seized his entire stock in trade in his store by virtue
of several writs of attachment; that the value of such stock
was several hundred dollars, and the same was kept by plaint-
iff for the purpose of carrying on his said business; and that,
"at the time of said levy and seizure by the defendant, the
plaintiff requested and demanded of him that he duly set
apart and release from his said levy a part and portion of said
stock of goods, not exceeding in value the sum of $200, which
the defendant neglected and expressly refused to do." A sub-
sequent demand that defendant release and deliver to the
plaintiff part of said stock, not exceeding $200 in value, so
that plaintiff might continue his business, is also alleged, to-
gether with defendant's refusal to comply with such demand.

From an order sustaining a general demurrer to the com-
plaint, plaintiff appealed.

The cause was submitted for the appellant on the brief of
*Carl C. Pope.*

For the respondent there was a brief by *F. T. Condit*, his
attorney, with *R. J. MacBride*, of counsel, and oral argu-
ment by *Mr. MacBride*.

Lyon, J.   The determination of this appeal requires a con-
struction of the statute which exempts from seizure, on attach-
ment or execution, " the tools and implements, or stock in
trade, of any mechanic, miner or other person, used or kept
for the purpose of carrying on his trade or business, not ex-
ceeding $200 in value."   R. S., 781, sec. 2982, subd. 8.   The
claim of the learned counsel for the defendant is, that the
term " or other person " should be interpreted to mean only a
person *ejusdem generis* — that is, an artificer of some sort,—
and not a merchant merely.   This, it is argued, is the true
application of the maxim *noscitur a sociis*, which it was said
in *Bevitt v. Crandall*, 19 Wis., 581, is applicable to the statute.
The argument of counsel was very able and ingenious, and his

position seems to have been sustained by the circuit court. But, in view of the liberal construction of exemption laws in favor of the debtor which obtains in this state, we think the construction contended for is too narrow, and that it may fairly be held that a tradesman or merchant who is not a mechanic is within the protection of the statute.   In *Bevitt v. Crandall*, it was held that a farmer is not included in the term " or other person," because he is specifically provided for in another part of the statute, but that the term is to be applied to mechanics and tradesmen, according to the maxim *noscitur a sociis*.   Evidently shopkeepers or merchants, as distinguished from mechanics, are here referred to as tradesmen.   We are very well satisfied with the construction there given.   It goes upon the theory that the " other person " of the statute is one who, although not a mechanic, necessarily uses or keeps a stock in trade for the purpose of carrying on his business.   Certainly the goods kept for sale by a merchant or shopkeeper is his stock in trade, and it may be presumed that he needs the protection of exemption laws as well as the mechanic or miner.

The mandate of the constitution is: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted."   Article I, sec. 17.   In the performance of the duty thus imposed upon it, the legislature has, from time to time, enacted exemption laws, and has industriously endeavored to so frame them that all persons engaged in lawful employments may enjoy their protection. Many of the statutory exemptions are in favor of all; yet debtors engaged in certain pursuits may reap greater benefits from these general exemptions than those engaged in other pursuits.   For example, the exemption of horses, cattle, sheep and hogs, and food for them, of farming implements and the like, is chiefly valuable to farmers, as is the exemption of libraries to professional men; but because there might be

debtors engaged in other pursuits who would obtain but little benefit from such exemptions, other laws were enacted in favor of particular classes, such as printers and publishers, inventors, title-abstract men, mechanics and miners. The manifest requirement of the constitution is, that the exemption laws should be so framed that all classes of debtors should, as nearly as may be, participate equally in their benefits. We believe our exemption laws were framed and enacted in the spirit of that requirement.

Looking through these statutes we find no adequate provision in favor of merchants or shopkeepers as a class, unless it is contained in the statute under consideration. Their little stocks in trade may be as indispensable to the support of their families as are the tools of the mechanic or miner, the press and types of the printer, or the library of the lawyer. Why should they not have the same protection as the others? And when we find language in a statute which may fairly be construed as giving them the same protection extended to other classes of debtors, why should not that construction be adopted?

The cases of *Grimes v. Bryne*, 2 Minn., 89, and *Bequillard v. Bartlett*, 19 Kan., 382, arose under statutes substantially alike, exempting " the necessary tools and implements of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, *and in addition thereto* stock in trade not exceeding $400 in value." It was held in those cases that a merchant merely was not within the provision, and could not claim an exemption of stock in trade. We do not controvert the accuracy of these judgments. The peculiar phraseology of the statutes on which they rest affords plausible ground, at least, for holding that the exemption of stock in trade depends upon the exemption of a mechanic's tools and implements, and that no stock in trade was intended except such as the debtor might have himself manufactured to sell. The Kansas case so holds. Our statute is different,

in form at least, and we must construe it as we find it. The above cases give us little aid; neither do cases cited from states in which a strict rule for the construction of exemption laws prevails against the debtor. The construction above indicated has been given or acquiesced in by this court in several cases, which, together, have almost the weight of authority. We should hesitate to overturn their implied construction, even though we had serious doubts of its soundness, which we have not. *Walsch v. Call*, 32 Wis., 159; *Russell v. Lennon*, 39 Wis., 570; *Fowler v. Hunt*, 48 Wis., 345; *Fick v. Mulholland*, id., 413; *Zielke v. Morgan*, 50 Wis., 560.

We conclude that the maxim *noscitur a sociis* is satisfied by restricting the operation of the statute to those debtors who, although not artificers, must necessarily keep and use a stock in trade in carrying on their business, and who are not protected by other special provisions of the statute. This construction entitles the plaintiff to the exemption claimed.

It is further maintained by counsel for the defendant, that the complaint fails to allege that the plaintiff made any selection of the portion of the stock which he claimed as exempt from seizure, or any specific demand therefor. On the authority of *Zielke v. Morgan, supra*, it is claimed that this omission is fatal to the complaint. In that case there was no selection or claim of exemption, and the omission was held a waiver of the right of exemption. The general rule is settled, therefore, that if an officer seize, on attachment or execution, the whole stock in trade of the debtor, exceeding in value $200, the debtor must claim his exemption and select the specific articles which he would retain, or he will be held to have waived his right thereto. The rule must be reasonably applied, however, and hence, if upon claim of exemption the officer refuses to give the debtor an opportunity to make such selection, or denies his right to any exemption whatever, the actual selection is waived or excused, and the want of it will not be a waiver of the debtor's right. The averment in the

complaint of a demand for the release of part of the stock is somewhat indefinite, but we think it sufficient to justify the admission of proof, either that the plaintiff made an actual selection, or that the officer so conducted that a selection was waived.

*By the Court.*— The order sustaining the demurrer is reversed, and the cause remanded, with directions that the demurrer be overruled.