In re SCHULLER.

(District Court, E. D. Wisconsin. May 13, 1901.)

BANKRUPTCY—VALIDITY OF LIEN—BANKRUPT'S RIGHT OF EXEMPTION.

    Under the laws of Wisconsin, which give a right of exemption from a stock in trade to the value of $200, the goods to be selected by the debtor, a mortgage taken by a creditor on the entire stock of an insolvent debtor, which exceeds $200 in value, within four months prior to the debtor's bankruptcy, and with knowledge of the insolvency, is avoided as a preference by the bankrupt as to all the goods, where the right of exemption is waived by the bankrupt, both on the ground that the mortgagee cannot claim the exemption on behalf of the debtor under the state law, and for the further reason that, the exempt goods never having been selected, if the mortgage be treated as applying to them alone it is void for uncertainty of description.

In Bankruptcy. On question certified by referee.

The bankrupt was the owner when she filed her voluntary petition in bankruptcy of a stock of millinery goods, of which the actual value was only about $30 in excess of the exemption of $200 allowed by the Wisconsin statute. Nineteen days prior to such filing the bankrupt made a chattel mortgage, to secure her pre-existing indebtedness, to Gage Brothers & Co., upon certain household furniture and "all her millinery stock" then in the store, for $449.31. In the schedule which accompanied her petition the stock of goods was mentioned, and her claim noted for an exemption of $200 in amount, but subsequently she filed a notice that she claimed only the household goods enumerated, and that she renounced and surrendered "any right or claim to any other goods or articles" as exempt; and the stock of goods was thereupon sold by the trustee under stipulation whereby the claim made by the mortgagee to the portion which was subject to exemption was reserved for the court to determine on an application for distribution of the proceeds. The question certified by the referee thereupon is, in substance, whether the mortgage is valid to the extent of the mortgagor's exemption, notwithstanding the waiver and surrender of such exemption by the latter. On behalf of the mortgagee it is expressly conceded that the terms of the bankrupt act render the mortgage "void as to creditors so far as it covered non-exempt property," and that it was taken for a pre-existing indebtedness, and with knowledge that the debtor was insolvent.

Bloodgood, Kemper & Bloodgood, for Gage Bros. & Co., mortgagees.

Burke, Price & Cowen, for trustee.

SEAMAN, District Judge (after stating the facts). For the purpose of ascertaining the rights of the bankrupt to exemptions, the act of congress adopts the provisions of the state statute (section 6), and then requires that the exempt property be set apart by the trustee, and that he "report the items and estimated value thereof to the court." Section 47, subd. 11. Questions as to the rights of creditors who have obtained preferences in security upon exempt property, or by an express waiver of exemption in favor of certain creditors, are not well settled; and if the case presented were one of a mortgage given under like circumstances upon property which was specifically exempt, or even upon stock in trade not exceeding $200 in value, the solution would not be free from difficulty. In this instance, however, the inquiry is simplified by the fact that the mortgage covers the entire stock, without specifying any claim of exemption or any exempt portion, and the value exceeded the amount of $200 allowed for an exemption under the Wisconsin statute. Section 2982, subd. 8, St. Wis. 1898. Conceding it to be an unlawful preference, within the terms of the bankrupt act, when applied to the stock of goods as described, the mortgagee claims that the lien is valid, nevertheless, to the extent of an exemption allowance, and confers the right to have such portion set apart for his benefit, though the mortgagor refuses to exercise her exemption rights in the property. I am of opinion that this claim is untenable, upon either of two grounds:

1. The right of exemption is a personal privilege granted to the debtor, which he can exercise or waive, and, unless otherwise provided by the statute, it cannot be exercised by any other person; and the Wisconsin statute supra requires the claim and selection to be made by the debtor, or on his behalf, with an exception in favor of a wife, and confers no such right on a mortgagee. In Edmonson v. Hyde, 2 Sawy. 205, Fed. Cas. No. 4,285, the right of a mortgagee to set up such claim as against an assignee in bankruptcy was considered,—the case being one of a fraudulent conveyance which included exempt property,—and the court held: "If the bankrupt does not choose to assert any claim to have it exempted, * * * the mortgagee is in no position to claim it as against the assignee." See Thomp. Exemp. § 438.

2. The second ground, however, goes to the substance of the mortgage, and renders it void for uncertainty if interpreted as a separate mortgage of the exempt stock. The decisions of the supreme court of Wisconsin furnish definitions of the nature of this exemption, and of the effect of reserving it in general terms from a mortgage upon the stock of goods, from which no other deduction is admissible. The contention is that the mortgage must be treated as covering the exemptions alone,—in effect, as describing "all of the exempt share of said stock of goods." But, so read, no specific goods would be described, and the mortgaged property could be ascertained only when a selection was made by the mortgagor out of the mass. With no such selection and separation made at or before the time of making the mortgage, and thus described in its terms, the mortgaged property was neither specifically described, nor was it capable of identification until the mortgagor exercised his option by setting it apart.

In Fowler v. Hunt, 48 Wis. 345, 4 N. W. 481, the like question arose in respect of a mortgage which described "the entire stock," excepting therefrom certain articles "and stock in trade to the amount of two hundred dollars," and the court thereupon holds:

"This exception leaves in the mortgagor a proportionate interest in each article mortgaged as $200 is to the whole value of the property, uncertain and unsevered, and which is unseverable and incommutable, except by some future act of the parties, or the mortgage leaves a right of future selection of any of the property to the mortgagor of the value of $200, the residue of which can be ascertained only by such selection; and, in either view, such uncertainty of description renders the mortgage void."

In Zielke v. Morgan, 50 Wis. 560, 7 N. W. 651, this provision for exemption is thus characterized:

"This is not a specific exemption, which, it has been held by this court, need not be claimed by the debtor, but which the officer takes at his risk, as in Gilman v. Williams, 7 Wis. 329, 76 Am. Dec. 219, and many other cases; nor is it a case where all the property does not exceed the exemption, and which is therefore specific. It is an exemption of goods, as stock in trade, of the value of $200, part and parcel of a stock of goods of the value of several thousand dollars, which must necessarily be selected and set apart, and rendered specific and certain, by some one; and the question is, by whom? Such an exemption has been recently held by this court to be so uncertain and undetermined as to render a chattel mortgage absolutely void for uncertainty, in which such an exemption is excepted and reserved. Fowler v. Hunt, 48 Wis. 345, 4 N. W. 481. Within the reason of that case, it might properly be held that such an exemption is void and inoperative until made certain by selection."

And in Bong v. Parmentier, 87 Wis. 129, 58 N. W. 243, the authorities are reviewed, and this doctrine reaffirmed as to the nature of such exemption.

On the view thus indicated, the mortgage must be held inoperative, and the claim of the mortgagee to be paid out of the proceeds in the hands of the trustee is overruled. The answer, accordingly, is certified to the referee for further proceeding in conformity with this opinion.