**In re Philip M. BURGUS, Debtor.**

**Bankruptcy No. MM7–90–01384.**

United States Bankruptcy Court,
W.D. Wisconsin.

Dec. 6, 1990.

Elisabeth Atwell, Ferryville, WI, for debtor.

Mark Bromley, Lancaster, WI, for Karen Johnson.

Michael E. Kepler, Kepler & Peyton, Madison, WI, Trustee.

J. David Krekeler, Collins, Beatty & Krekeler, Madison, WI, for Dorothy Burgus.

MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

On May 17, 1990 the debtor, Philip M. Burgus, filed his chapter 7 petition in bankruptcy. According to the debtor's schedules, he is employed as a factory worker/laborer and earns five hundred dollars per month in take-home pay. Also in his schedules, the debtor claimed a homestead exemption in a twenty-five acre parcel of land on which sit a house in which he lives, a well, a septic tank, and a shed. These improvements are all

contained on one acre in the southwest corner of the parcel. The parcel consists of approximately ten acres of tillable land, ten acres of nontillable land (nine acres of which is covered by woods), and five acres of pasture land. The improvements have been appraised at $33,300.00, the tillable land at $4,500.00, the nontillable land at $2,500.00, and the pasture land at $1,500.00, for a total estimated value of $41,800.00.

The debtor's home is heated by a wood-burning furnace fueled by wood which the debtor harvests from his acreage. Horses and steers occupy the pasture land, and the tillable land is generally used to grow oats or hay for the livestock. The debtor plans to have a large vegetable garden in the future. The debtor does not sell any of the produce of the land.

One of the creditors, Karen Johnson, has objected to the debtor's claimed exemption in the full twenty-five acres of the parcel. Johnson contends that the exemption should be limited to the one-acre portion on which the improvements sit.

■ The sole issue presented is whether the debtor is entitled to exempt the full twenty-five acre parcel. I have determined that he is, subject to the $40,000.00 value limitation contained in Wis. Stat. § 815.20.

Pursuant to 11 U.S.C. § 522(b)(2)(A), the debtor has chosen those exemptions made available to him under, *inter alia,* Wisconsin state law. Wis. Stat. § 990.01(14) defines the homestead exemption, providing that:

"Exempt homestead" means the dwelling, including a building, condominium, mobile home, house trailer or cooperative, and so much of the land surrounding it as is reasonably necessary for its use as a home, but not less than 0.25 acre, if available, and not exceeding 40 acres, within the limitation as to value under s. 815.20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value.

Wis. Stat. § 815.20(1) places a value limitation on an exempt homestead, providing in part:

An exempt homestead as defined in s. 990.-01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment and from liability for the debts of the owner to the amount of $40,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. . . .

Johnson asserts that only the one acre which contains the improvements is "reasonably necessary" (per the requirements of Wis. Stat. § 990.01(14)) for the debtor's use as a home, and that the debtor's homestead exemption therefore should be limited to that amount. In support of her position, Johnson relies entirely upon *Farm Credit Bank of St. Paul v. Gibson,* 155 Wis.2d 325, 455 N.W.2d 674 (App.1990), *rev. den.,* 457 N.W.2d 324 (1990).

In *Gibson,* the Wisconsin Court of Appeals affirmed as a reasonable exercise of discretion the trial court's declaratory judgment that Gibson was entitled to only one acre of land as his homestead exempt from execution. Gibson had sought to exempt forty acres of his one hundred and six acre farm. The parcel which he sought to exempt contained not only his trailer, but also a trailer occupied by his son, a home occupied by his mother, several outbuildings, and between seventeen and twenty-two tillable acres. Although Gibson had farmed the land for twenty-five years, more recently, in addition to farming the land, he had worked nine months per year as a construction worker, earning between $14,000.00 and $15,000.00 during the building season.

At the time *Gibson* was decided, "homestead" was defined by Wis. Stat. § 990.-01(13), which provided that "[t]he word 'homestead' means the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre (if available) and not exceeding 40 acres." In support of his claim for a forty-acre exemption, Gibson cited *Morgan & Hunter v. Rountree,* 88 Iowa 249, 55 N.W. 65, 66 (1893), in which the Iowa court concluded:

The use of the homestead, as well as the homestead itself, is unquestionably exempt

so long as the homestead character is maintained.... We think it is in harmony with the evident spirit and purpose of our statute to hold that the head of a family owning a homestead has a right to hold as exempt, not only the homestead and its use, but also crops or money which he may derive from its use....

The Court of Appeals distinguished *Morgan* on the basis that Iowa's homestead statute contained an express provision for exempting a shop or building in which the head of the family carried on his business. The Court concluded that the Wisconsin statute was plain and unambiguous, and that an exemption for land used "as a means of making a living" could not be implied. Because the evidence in *Gibson* indicated that an acre would allow for Gibson's trailer home, enough land for a septic system, and backup areas for septic systems, the Court affirmed the trial court's finding that one acre was all that was "reasonably necessary" for Gibson's use of his dwelling as a home.

However, in *Gibson,* the Court of Appeals failed to acknowledge that the *Morgan* decision was cited with apparent approval by the Wisconsin Supreme Court in *Schwanz v. Teper,* 66 Wis.2d 157, 223 N.W.2d 896 (1974). In *Schwanz,* the plaintiff appealed a determination that the rentals of the lower flat of the plaintiff's duplex were not exempt under then-Wis. Stat. §§ 990.01(13) and (14). The Supreme Court paraphrased these statutes, stating that "[a] 'homestead' is defined as the dwelling and so much of the land surrounding it within certain limits, as is reasonably necessary for use of the dwelling as a home. An 'exempt homestead' is that part of the homestead within the $10,000 limitation of

value." *Schwanz,* 66 Wis.2d at 165, 223 N.W.2d 896.

The Supreme Court recognized that "[t]hese provisions do not specifically provide for the rental income from the homestead property," and that ordinarily in the absence of such a provision a debtor would not be entitled to an exemption in rental income.[1] *Id.* The court noted, however, that the general rule is antithetic:

"While there is authority to the contrary, it is very generally held that rents and profits arising from the homestead estate, so long as it retains its character as such, are exempt; but the general rule has not been applied to rents from a business homestead." 40 C.J.S., *Homesteads,* p. 509, sec. 70; *See also* Anno. *Homestead exemption as extending to rentals derived from homestead property,* 40 A.L.R.2d 897.

*Id.* The court then examined cases from three neighboring states, each of which had held that rental income from a homestead is exempt. The *Morgan* decision was among those cited by the court.

After addressing the out-of-state cases, the court stated:

While it is true that the homestead exemption statutes in this state do not specifically provide for the exemption of the rental income from a portion of the homestead, such an exemption would be in keeping with the public policy in favor of the homestead exemption.[2] In *Binzel v. Grogan, supra,* pages 151, 152 [67 Wis. 147, 29 N.W. 895 (1886)], it was recognized that a debtor is entitled to the enjoyment of his homestead as a "necessary comfort of life" and the exemption applies regardless of what uses to which he puts the land.

---

1. The court stated that:
   [w]hile it is true that the homestead exemption statute is to be liberally construed, the principles of liberal construction cannot be employed to write exemptions into the statutes. This is so because the right of a debtor to hold his property free from claims of creditors is not a common-law right and, therefore, in the absence of constitutional or statutory provisions all of the property of a debtor may be subjected to the payment of his debts. *Northwest Bank & Trust Co. v. Minor* (1957), 275 Wis. 516, 82 N.W.2d 323.
   *Schwanz,* 66 Wis.2d at 164, 223 N.W.2d 896.

2. As the *Schwanz* court had recognized:
   There is a strong public policy in this state to protect the homestead exemption. *Anchor Savings & Loan Assoc. v. Week, supra* [162 Wis.2d 169], page 175 [213 N.W.2d 737 (1974)]. Because of this public policy, homestead statutes are liberally construed in favor of the debtor, *Northwestern Securities Co. v. Nelson* (1927), 191 Wis. 580, 211 N.W. 798, and homestead rights are preferred over the rights of creditors. *Clancey v. Alme* (1898), 98 Wis. 229, 73 N.W. 1014.
   *Schwanz,* 66 Wis.2d at 163, 223 N.W.2d 896.

*Schwanz*, 66 Wis.2d at 167, 223 N.W.2d 896. Accordingly, the court concluded that "the exemption of rental income from the homestead is within the spirit of the exemption law and should be recognized to give effect to the public policy favoring homestead exemptions." *Id.*[3]

In *Binzel v. Grogan*, 67 Wis. 147, 152, 29 N.W. 895 (1886), the case relied upon by the *Schwanz* court, the Wisconsin Supreme Court was faced with the issue of whether a debtor could claim as an exempt homestead approximately one acre of land, not in a city or village, on which sat a hotel in which the debtor and his family resided and carried on the hotel business. The then-applicable homestead exemption statute, sec. 2983, R.S., provided in relevant part that "A homestead, to be selected by the owner thereof, consisting, when not included in any city or village, of any quantity of land not exceeding forty acres, used for agricultural purposes, ... shall be exempt from seizure or sale on execution ..." It was contended that because the land was not "used for agricultural purposes," the real estate did not qualify as an exempt homestead.

The *Binzel* court stated that it did not think the statute should receive a literal construction. The Court recognized that the Wisconsin Constitution contains a mandate to the legislature to enact exemption laws: "The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Wisconsin Constitution, art. I, sec. 17. The Court then stated:

This provision was inserted in the constitution for the benefit of all resident debtors, and an exemption law which protects only certain classes of debtors, leaving others unprotected, would not be in compliance with the constitutional mandate.[4] The enactment of a homestead exemption law was absolutely essential to the proper execution of such mandate, because, without it, in many cases debtors would fail to realize the full benefits which the framers of the constitution, and the people who adopted it, intended they should receive under the exemption laws which the legislature was required to enact. Many personal property exemptions would be comparatively valueless to a debtor unless his homestead is protected from seizure. Moreover, a home is one of "the necessary comforts of life," in enjoyment of which the legislature was required to protect every debtor.... By such statute, therefore, the legislature intended to exempt to every debtor in the

---

**3.** *Schwanz* follows a long line of Wisconsin cases which have upheld homestead exemptions under circumstances in which a portion of the sought-to-be-exempted property was used for business purposes, where the homestead statute then in effect made no express mention of an exemption for business use. *See, e.g., Estate of McKenzie,* 232 Wis. 425, 287 N.W. 695 (1939) (two adjoining lots, one of which contained the dwelling, and the other of which contained a tavern and dance hall personally operated by the exemption claimant, properly constituted the claimant's homestead); *Roche v. DuBois,* 223 Wis. 438, 271 N.W. 84 (1937) (three acres of land containing sixteen cottages, in one of which the claimant and her family lived, a small chicken coop, a small roadside stand from which vegetables and soft drinks were sold, and a half-acre garden in which vegetables for claimant's family use and for sale were raised, constituted a homestead, where the business of renting cottages was conducted for the purpose of maintaining a home), *overruled on other grounds,* 24 Wis.2d 587, 129 N.W.2d 330 (1963); *Will of Bresnehan,* 221 Wis. 51, 265 N.W. 93 (1936) (property which contained a dwelling house and a separate building,

the lower part of which was used for storage of automobiles and business equipment, and the upper part of which was rented to tenants, constituted a homestead); *Palmer v. Hawes,* 80 Wis. 474, 50 N.W. 341 (1891) (building, the first floor of which contained a store, the second floor of which contained the residence, and the third floor of which contained a photograph gallery, constituted a homestead); *Casselman v. Packard,* 16 Wis. 114, 116 (1862) (recognizing that "[i]n addition to the dwelling, a person might perhaps erect a small shop, or building of that character, on the lot, which he himself used and occupied for the purpose of his trade or business, without forfeiting the exemption."); *Phelps v. Rooney,* 9 Wis. 70 (1859) (four story building, the basement and first floor of which were leased for a store, and the upper stories of which were occupied as a residence, constituted a homestead).

**4.** *See also Wicker v. Comstock,* 52 Wis. 315, 318, 9 N.W. 25 (1881) ("The manifest requirement of the constitution is, that the exemption laws should be so framed that all classes of debtors should, as nearly as may be, participate equally in their benefits.").

state the homestead which he owns and occupies, with a specified quantity of land appurtenant thereto, without regard to the uses to which he puts such land or the business he pursues upon it. All that is required is that it be his homestead, and the statute was intended to protect the owner in the enjoyment of it.

*Binzel,* 67 Wis. at 151–52, 29 N.W. 895.

In holding that the debtor could properly claim an exemption in the land containing the hotel, the Court made it clear that:

To support these conclusions it is not essential that we define the precise signification of the phrase "used for agricultural purposes," as employed in the statute. It is sufficient to show that it cannot properly be construed or defined in a way that will exclude any debtor who owns and occupies a homestead in this state from the benefit of the exemption given by the statute.... It may be suggested, however, that inasmuch as lands outside of villages and cities are usually agricultural lands, and when occupied are chiefly used for agricultural purposes, the phrase may have crept into the law of 1848 as a mode (although perhaps an awkward one) of expressing the distinction between city or village property, in respect to which the exemption is limited to one fourth of an acre, and agricultural or country property, forty acres of which may be exempt.

*Binzel,* 67 Wis. at 153–54, 29 N.W. 895. The current Wisconsin homestead exemption statute, Wis. Stat. § 815.20, no longer contains any restrictions regarding use of land for agricultural purposes.

In *Estate of McKenzie,* 232 Wis. at 433, 287 N.W. 695, the Wisconsin Supreme Court addressed the effect of the value limitation upon consideration of what constitutes a homestead, stating:

The limitation of homesteads to premises of $5,000, or less value, which was enacted into the homestead statute by ch. 269, Laws of 1901, is not without bearing. It expresses the legislative intent to exempt property up to that value. One person is entitled to exemption of property of that value as well as another, and upon reason should be so entitled regardless of

the manner in which he uses the property if he resides thereon with his family, if he has a family.

More recently, in *In re Mann,* 82 B.R. 981, 984 (Bankr.W.D.Wis.1986), Judge Frawley espoused a similar view to that expressed in *Estate of McKenzie:*

The legislature has provided what it considered to be the limits of the homestead exemption. It has set both value and size limitations. In deference to the state policy associated with the homestead exemption, this court recognizes these limits as legislatively prescribed perimeters of reasonableness. Property which otherwise can be classified as homestead property should presumptively be considered "reasonably necessary for the use of the dwelling as a home," as long as it does not exceed such prescribed limits. This presumption can only be rebutted by a specific showing of unreasonableness.

As in *Estate of McKenzie,* the exercise of the principles espoused in *Mann,* when applying the homestead exemption statute, would comply with the constitutional requirement that all classes of debtors should, insofar as possible, participate equally in the benefits of the exemption laws.

In our case, the debtor seeks to exempt not only the one-acre of land upon which his home, well, and septic tank sit, but also the remaining twenty-four acres of the parcel, upon which the debtor harvests wood, raises livestock, and grows crops, none of which is sold to others. The total value of the land and improvements is $41,800.00. The claimed exemption is well within the forty acre size limitation, but exceeds the $40,000.00 value limitation by $1,800.00. In asserting that the debtor is entitled to exempt only the one acre upon which the improvements sit, Johnson has relied exclusively upon the Wisconsin Court of Appeals' decision in *Gibson.*

*Gibson* is factually distinguishable from our case (among other things, Gibson attempted to exempt not only his own dwelling place but also those of his son and mother). Furthermore, a broad interpretation of "reasonably necessary for use as a home" ap-

pears to be more consistent with the Supreme Court's statements in *Schwanz, Estate of McKenzie,* and *Binzel* to the effect that within reason, a person is entitled to claim the exemption regardless of the uses to which that person puts the land. *See Schwanz,* 66 Wis.2d at 167, 223 N.W.2d 896; *Estate of McKenzie,* 232 Wis. at 433, 287 N.W. 695; *Binzel,* 67 Wis. at 152, 29 N.W. 895.

I fear that the narrow interpretation approved in *Gibson* might, at least in some cases, unfairly discriminate among debtors by preventing similarly situated debtors from participating equally in the benefits of the exemption laws. If, in our case, the debtor's exemption were limited to the one acre which contains the improvements, he would be able to exempt property having a value of less than $34,000.00, whereas another debtor, factually identical except for the fact that his residence is worth $7,000.00 more than the residence of our debtor, if also limited to the one acre exemption, would be able to exempt a full $40,000.00 in value. Were our hypothetical debtor also allowed to claim the additional acreage, his exemption would still be limited to $40,000.00. Thus, each would have participated equally in the benefits of the homestead exemption law, as was intended by Wisconsin's constitution. *See Binzel,* 67 Wis. at 151, 29 N.W. 895; *Wicker,* 52 Wis. at 318, 9 N.W. 25.

There is a strong public policy in Wisconsin to protect the homestead exemption. Homestead statutes are liberally construed in favor of the debtor, whose homestead rights are preferred over those of creditors. *See Schwanz,* 66 Wis.2d at 163, 223 N.W.2d 896. To allow a debtor to exempt property used for raising food for family consumption and for the harvesting of wood used to heat the family dwelling place would not "write into" Wisconsin's homestead exemption statute something not intended by the legislature. In light of the Wisconsin Supreme Court cases stating that within reason, a debtor is entitled to claim a homestead exemption regardless of the uses to which the land is put, and Johnson's failure establish that the debtor's use of the acreage to harvest wood, raise livestock, and grow crops

is unreasonable, Johnson's objection to the debtor's claimed exemption must be overruled. The debtor is entitled, pursuant to Wis.Stat. § 815.20(1), to exempt so much of the 25 acre homestead property as does not exceed $40,000.00 in value. Johnson's objection seeking to limit the debtor's claimed exemption to one acre of land is accordingly denied.