HIRAM SMITH *versus* JOHN S. CHADWICK.

An action cannot be maintained against an officer for attaching property exempt from attachment, but confused with property not exempt, unless the debtor sets apart or claims to set apart the property not liable to be attached.

A debtor may waive his privilege, and consent that exempted property may be attached.

The waiver may be made by acts or neglect to act. And when the debtor fails to set apart or claim to set apart exempted property, parcel of a larger quantity, before or at the time of the attachment, he waives his privilege.

ON EXCEPTIONS, by plaintiff, to the ruling of CUTTING, J. The case is stated in the opinion.

*Hilliard & Blanchard*, for plaintiff.

*Brown & Simpson*, for defendant.

The opinion of the Court was drawn up by

CUTTING, J.—Trespass for the malfeasance of the de-

fendant's deputy, for the taking of alleged property of the plaintiff. To sustain the action, plaintiff introduced a bill of sale from one *George H. Bishop* and wife to himself, dated July 4, 1861, embracing various articles of furniture, amounting to the sum of two hundred ninety-four dollars and nineteen cents, all of which was subsequently attached by the deputy, excepting about one hundred dollars' worth, on a writ in favor of one *Thomas H. Shaw* and another, prior creditors, against Bishop.

At the trial, the principal question presented to the jury was whether there was any delivery of the articles to the plaintiff, enumerated in the bill of sale, prior to the attachment. The jury were instructed as to what constituted an effectual delivery, so as to transfer the property from the vendor to the vendee, as against the attachment of prior creditors, to which instruction no exception was taken, which appears to be relied upon by the plaintiff's counsel.

But, during the progress of the trial, — "the plaintiff offered to prove that a portion of the property was exempt from attachment by the creditors of Bishop," which the Judge ruled to be inadmissible. As to this ruling, the plaintiff's counsel does complain, and in his argument contends that in respect to such property no delivery was necessary as preliminary to a valid transfer. That is the question now presented.

It may be very questionable whether the offer was sufficiently specific. It was not contended that all the articles were exempted, but only a portion. What portion or what particular articles were not named in the offer, and the defendant might well object to so general a proposition.

But, waving that consideration, we will proceed one step further, and consider the evidence then already introduced by the defendant, before his offer to introduce more. That evidence was the bill of sale of articles valued at about three hundred dollars, two hundred of which only had been attached by the officer, leaving one hundred dollars' worth of

Smith v. Chadwick.

exempted property or its equivalent, and, of the property attached, only a portion claimed as exempt.

That a debtor has the right to dispose of his exempted property, when not intermingled with his other property not so exempt, is a proposition not necessarily involved in this case. Here was a pretended sale of a large quantity of furniture, all embraced in one bill of sale; if any portion was exempt, it was confused with the much larger portion not exempt—a most perfect confusion of goods, which would justify the officer in attaching the whole, for the law certainly would not, under such circumstances, require him, at his peril, to discriminate between the attachable and unattachable property. It was attached as the debtor's property and the jury have found that it was then his property; that the title had not passed out of him as between him and his prior creditors, yet this debtor, neither at the time of the attachment, nor since, up to the time of the trial, ever made any claim or gave any notice to the officer that he had wrongfully attached a part in contra-distinction to the whole.

In Clap v. Thomas, 5 Allen, 158, the Court remark, that—"a debtor may always waive his privilege, and consent that his exempted property may be applied to the payment of his debts; and it is not necessary that such waiver should be expressed in words. It may be made by acts or neglect to act. If the debtor, who has a larger quantity of any kinds of provisions than the law exempts from attachment, sets apart no portion thereof for the use of his family before it is about to be attached, and makes no claim to any portion of it, when the officer is about to attach the whole, he cannot maintain an action against the officer, who takes the whole."

We recognize that decision as sound law, and are unable to perceive any valid distinction in principle between a large quantity of any kinds of provisions and a large quantity of any kinds of household furniture. *Exceptions overruled.*

DAVIS, KENT, DICKERSON and BARROWS, JJ., concurred.

APPLETON, C. J., delivered a separate opinion : —

The jury found that the goods in controversy had not been delivered the plaintiff prior to their attachment as the property of his vendor. In such case, though the sale may be good between vendor and vendee, it seems well settled that it cannot defeat attachments made without the knowledge of such sale and before the vendee has acquired a title by delivery or taking possession of the goods sold. *Lanfear* v. *Sumner*, 17 Mass., 100 ; *Sherman* v. *Rutter*, 7 Pick., 56 ; *Packard* v. *Wood*, 4 Gray, 307 ; *Ludwig* v. *Fuller*, 17 Maine, 162.

It does not appear that Bishop, the plaintiff's vendor, ever set apart any specific portion of the furniture as exempt from attachment. Neither does it appear that the plaintiff claimed he had so done, or notified the officer that he claimed any as exempt from attachment, or made any demand for any specific articles whatsoever. *Tufts* v. *Mc-Clintock*, 28 Maine, 625.