# Wheeling.

## Holt v. Williams, *et al.*

### Decided April 26, 1879.

1879
Special Term.

1. Section 48, art. 6, Constitution, does not *ex proprio vigore* confer a right to a homestead. It simply imposed on the Legislature the duty to pass an act, whereby a homestead of not less than $1,000.00 might be claimed by any husband, or parent, residing in this State, or the infant children of deceased parents, which should be exempt from forced sale for debt, or liabilities, other than those named in said section 48, as deemed proper by the Legislature. [*Speidel & Co.* v. *Schlosser, supra.*]

2. As against the trust debt, mentioned in the proceedings in this case, the appellants cannot claim the benefit of homestead, either under the act of December 20, 1873, or the act of March 2, 1877.

Appeal from and *supersedeas* to a decree of the circuit court of Kanawha county, in a cause in said court then pending, in which Thomas F. Holt was plaintiff, and Layton Williams and others were defendants granted on petition of said Holt.

Hon. Joseph Smith, Judge of the Seventh Judicial Circuit, rendered the decree appealed from.

Moore, Judge, furnishes the following statement of the case:

By trust deed, dated 13th April, 1875 Thomas F. Holt and Fanny, his wife, conveyed to S. A. Miller, trustee,

a tract of land in Kanawha county, to secure the payment of a bond for $1,111.80, with interest from that date, and due one year from date, to Layton Williams, one of the appellees providing that in case of default on the bond the deed was to be enforced under the laws of the State of West Virginia then in force.

The deed was duly acknowledged by both Holt and wife, and admitted to record on the same day.

Default being made, the trustee, at the request of Williams, advertised the sale under the trust deed for —— day of November, 1876 ; but by an agreement entered into on the 25th day of November, 1876, an extension of six months was mutually agreed upon. By the terms of said agreement Williams assigned a portion of the debt to James Calvert. Holt, Calvert and Williams, all three, signed the agreement.

Default being again made, the trustee again advertised the sale at the request of the beneficiaries, Williams and his assignee, Calvert.

Four days prior to day of sale, July 10, 1877, the appellant Holt filed his declaration of homestead in Kanawha county court clerk's office.

July 13, 1877, an injunction was issued by the circuit court of Kanawha restraining and enjoining the sale which was served after the sale had begun.

November 14, 1877, said injunction was dissolved from which decision Holt appealed and obtained an appeal and *supersedeas* to this court.

*T. B. Swann,* for appellant.

*Miller & Gallaher,* for appelles, cited the following authorities: Con. W. Va., Art. VI, § 48; Acts 1872-3, ch. 193 § 10; Acts 1877 ch. 114; 9 W. Va. 154; 15 Wall. 610; 22 Gratt. 266 ; 26 Gratt. 705; Thompson on Homesteads and Exemptions, § 17 and cases cited; *Id.* § 453; *Id.* § 455; Smyth on Homestead and Exemption, § 166, 169; *Id.* § 266; *Id.* § 456 and cases cited.

89

MOORE, JUDGE, delivered the opinion of the Court :

Holt
v.
Williams *et al.*

The Court is of opinion, that under the principles decided in the case of *Joseph Spiedel & Co.* v. *Schlosser et al.*, at this term, that as to the trust debt, the declaration of homestead was not made and recorded in time to give the appellants the right to claim the benefit of homestead as against said debt, either under the act of December 20, 1876, or or under the act of March 2, 1877; and therefore the Court did not err in dissolving the injunction. The order dissolving the injunction should be affirmed with costs.

GREEN, PRESIDENT, AND HAYMOND, CONCURRED.

JOHNSON, J., dissented to so much of the opinion and syllabus as relates to the constitutional questions involved in the case.

DECREE AFFIRMED.