## JOHN WILSON v. WILLIAM F. MONTAGUE.

*Replevin by mortgagee for chattels under attachment—Omission to set off exemptions.*

1. A mortgagee of chattels, like an attaching creditor, has only a lien thereon until sale, but under How. Stat. § 7682 a creditor can levy an attachment on mortgaged property at any time before foreclosure, but only to get control of the equity of redemption which pertains to the whole and is not apportionable. The levying officer may hold possession long enough to perfect his levy, and in case of an execution can detain it for the time prescribed for bringing it to sale.

2. A mortgagee's interest in chattels cannot be disturbed by an execution creditor unless the latter pays the mortgagee or tenders payment, which he can do at any time before sale.

3. The statutory provisions governing a chattel mortgage constitute a part of the mortgage and bind the parties.

4. A chattel mortgagee whose claim has not yet fallen due is not entitled to possession of the chattels as against an officer who has levied execution thereon, until the time has passed for making execution sale ; and this is so though the levy and the debt on which it is based be subsequent to the mortgage debt. But the sheriff may, in his discretion, turn the property over to the mortgagee's custody if the latter demands it for the purpose of making foreclosure sale.

5. In replevin by a mortgagee for chattels held under attachment and execution levies, the fact that plaintiff after getting possession, sold the chattels on foreclosure and bid them in himself, is admissible to show that this was his purpose in demanding them.

6. A mortgagee of chattels upon which a subsequent execution has been levied is not affected by the levying officer's omission to appraise the property and set off to the debtor the amount of his exemption.

7. A judgment debtor can waive his exemption, which is a personal privilege.

Error to Kalamazoo. (Mills, J.) May 14.—Sept. 29.

REPLEVIN. Defendant brings error. Reversed.

*Edwards & Stewart* for appellant.

*Robert F. Hill* for appellee.

SHERWOOD, J. The plaintiff brought his action of replevin to recover a stock of drugs from the defendant, who was under-sheriff of the county of Kalamazoo, and who took possession of the same at the time the writ was issued by virtue of two writs of attachment levied thereon on the 8th day of August, 1883, and an execution issued upon a judgment rendered in one of the attachment suits. The goods were owned by and in the possession of Leon Kewney when the defendant levied his attachment thereon, and he, on the 17th day of May previous, gave to the plaintiff a chattel mortgage on the property, which was filed on the 7th day of June, in the township clerk's office. The plaintiff based his right to recover the possession of the goods upon this chattel mortgage. It appears from the record that no possession had been taken of the property by the plaintiff at the time the levy was made; and before the writ of replevin was issued, the plaintiff, by his attorney, went to the defendant and demanded possession of the goods in question, claiming plaintiff's right thereto under a mortgage, a duly-certified copy of which he then showed to the defendant, which was dated the 7th day of May, 1883, and defendant informed the plaintiff, in reply to his demand, after considering and taking counsel on the subject, that he would not give the plaintiff absolute possession upon the demand made under the mortgage presented, but would allow plaintiff to hold possession jointly with him. No other demand was made for the goods, so far as appears, by the plaintiff. The mortgage purported to be given by Kewney to the plaintiff to secure him against

the payment of a note given by Kewney and himself to T.
P. Sheldon & Co. for $300, payable at six months from date,
and the record shows no mortgage of that date, given by
Kewney, filed.   Wilson paid the note September 15, 1883,
being about two months before it became due.   The witness
says that he paid it because he was holder for it.   He did
not know as any one asked him to pay it; he paid it volun-
tarily.   "It looked rather squally that Kewney would be
able to meet it when due."   The case was tried at the Kala-
mazoo circuit by jury, and the plaintiff obtained judgment.
The case comes before us for review on error.

The mortgagee of chattel property is not the owner; his
mortgage gives him but a lien upon the property. *People v.
Bristol* 35 Mich. 28 ; *Haynes v. Leppig* 40 Mich. 602.   An
attaching creditor acquires nothing more, and neither lien
ripens into a title to the property until sale on foreclosure.
The contest in this case relates to the special lien under
which each party claims.   The right of the defendant to
levy his attachment and execution upon the chattel mort-
gaged property is expressly authorized by statute (How. Stat.
§ 7682), and such levy may be made at any time before the
foreclosure. *Nelson v. Ferris* 30 Mich. 497; *Cary v. Hewitt*
26 Mich. 228.   The right continues till redemption is cut
off. *Haynes v. Leppig* 40 Mich. 605.   It is only the right
of redemption that can be taken. *Bayne v. Patterson* 40
Mich. 659.   This leviable right pertains to the whole prop-
erty, and is not apportionable. *Worthington v. Hanna* 23
Mich. 534.   The whole interest may be taken on attachment
for the purpose of making and perfecting the levy thereunder,
and it may be held at least a sufficient time for that purpose,
and under an execution the officer has the right to take posses-
sion of the goods and chattels from the mortgagor, and detain
them in safe and convenient custody, as against the mortgagee,
for the time prescribed by law for bringing them to sale on
the execution. *Cary v. Hewitt* 26 Mich. 228.   By the levy
"a tangible interest was taken, and lawfully " (see case last
cited, 234), and as Mr. Justice Graves said in that case :
" The law aims to secure, as far as practicable, the application

of the debtor's property to both demands, upon principles of justice."

Default had not been made by the mortgagor when the execution was levied upon the property. The contingency of non-payment of the debt, which the mortgage was given to secure the plaintiff against, had not yet arrived. There had been really no forfeiture of the mortgaged property to the mortgagee, and the only possession the latter had a right to claim, even as against the mortgagor, was for the purpose of holding the same until it became due, for his better protection. His right to sell, by the terms of the mortgage, did not accrue until after that ; and the creditors even then had the right to levy upon the mortgagor's interest, and take the property from the possession of the mortgagee, and make sale of the mortgagor's equity of redemption, which was not cut off by any sale under the mortgage. The interest of the mortgagee could not be interfered with by the execution creditor, except by payment, or tender of payment, of the mortgage, and this he could do at any time before sale of the property. All these statutory provisions constituted a part of the mortgage when it was made, and all parties are bound thereby. They were all in full force at the time execution was levied upon these goods, and at the time the plaintiff brought his suit in replevin, and under these provisions the plaintiff's proceedings must stand or fall.

The right of plaintiff to possession of the goods at the time he instituted his suit is the vital question in this case. *Cary v. Hewitt* 26 Mich. 233. The record makes no question of the validity of the judgment, neither is there any valid objection to the execution issued thereon, under which the levy was made. The judgment was rendered August 23d and execution issued the same day and placed in the under-sheriff's hands for service, and thereafter the service was made by taking the property into his custody. The defendant was proceeding to advertise and sell under his levy, when the plaintiff, on the 6th of September, came to the defendant and demanded the possession of the property by virtue of the chattel mortgage, a copy of which was then shown to

57 MICH.— 41

the officer, dated on the 7th day of May, without showing any date of filing ; but for our present purpose, suppose it to be the one offered in evidence by plaintiff's counsel, was the plaintiff then entitled to the possession under the law as above stated ? We think not. The time had not expired within which the defendant was allowed to make sale of the property, and no sale had been made, nor yet could one be equitably under the mortgage. The note was not due until the middle of October.

This suit was commenced on the 15th day of September. Upon the facts stated the plaintiff was not entitled to the possession of the property, as against the defendant, at the time he made demand for the same, and the status was not changed at the time suit was brought. It is claimed the under-sheriff departed from his statutory duty by failing to have the property appraised, and the exemptions to which Kewney was entitled properly set off to him. The evidence tends to show that the defendant had not completed his proceedings upon the execution preparatory to making sale when the property was taken upon the plaintiff's writ. He had until the day of sale within which to set apart the claimed exemption, if necessary. But whether he did or not was immaterial to the plaintiff in this suit, as it was Kewney's interest that was affected by the defendant's proceedings, and not that of the plaintiff. Whether Kewney, would, as between himself and the defendant, insist upon such exemption, was of no consequence to plaintiff. It was Kewney's personal privilege, which he could waive at his pleasure, and the charge of the court was to the effect that if the jury found from the evidence that the officers, after taking the inventory and appraisal, did not set apart Mr. Kewney's exemptions, no demand was necessary, and, in that case and in case they found that the officers did set apart Kewney's exemptions, and that a demand was made and the mortgage was given to secure the note, then the verdict should be for the plaintiff.

The mortgage was not given to secure the note, but to indemnify plaintiff against his liability to pay it in case Kew-

ney failed to make payment. The testimony of plaintiff shows this fact, and the court submitted a fact to be found by the jury, in support of which no evidence was given. There is nothing in the plaintiff's claim that the levy was excessive. The property taken on the execution was a small stock of drugs, subject to two chattel mortgages, besides the claim of plaintiff, amounting to the sum of $600. It must be recollected in this connection that the property was held under an execution under which the defendant was perfecting his levy preparatory to a sale at the time the demand was made and this suit brought, and in such case the sheriff must be permitted, to some extent, to use his discretion whether or not he should turn the property over to the possession and control of the mortgagee before sale, when demanded. *King v. Hubbell* 42 Mich. 604.

If the demand is made by the mortgagee for the purpose of obtaining the same to make foreclosure, unless the mortgage is claimed to be fraudulent, he should so far yield to such demand as to permit the mortgagee so to do; but in this case the record does not show the demand made for any such purpose. If it was, the fact was not made known at the time to the defendant, and I think it further appears from the record that the defendant yielded to the demand, in any event, sufficiently for that purpose. The record does not, in my judgment, present a case where the defendant was bound to yield to the demand of the plaintiff at all, before the day of sale, under the execution, and that the rulings of the circuit judge to the contrary were erroneous.

It will be noticed that in the view we have taken of the case, it is unnecessary to consider the question upon priority of claims between the parties, on account of the date contained in the certified copy of the mortgage under which the plaintiff claimed the possession of the property at the time his attorney made the demand. We think, however, there is much force in the position taken by defendant's counsel upon that point, and it is not easy to see why the plaintiff should not be confined to the particular interest he claimed

at the time he made his demand, which would, of course, prevent a recovery. It was his duty at the time, if he said any thing about his interest or the foundation or character thereof, to state the same correctly; but it turned out that the basis of the claim he made was without any foundation. whatever, and not entitled to be regarded by the officer. Certainly it furnished a good reason why he should not accede to the plaintiff's demand at that time. There was nothing in what the plaintiff said, nor contained in the certified copy of the mortgage, requiring the defendant to make further inquiry or investigation; and for the purpose of showing that the plaintiff intended what he said at the time to be correct information to the defendant, and that he himself relied upon it. The defendant offered to show that the plaintiff, after he obtained possession of the property under his writ, foreclosed and sold the property, and himself bid it off on the sale made under the mortgage on the seventh day of May; but was not allowed to make this proof. For the purpose offered, the testimony was proper. We have not discussed the several errors in the order assigned or argued, but have said all we deem necessary to enable the court to dispose of the case on a new trial in accordance with the view we have taken of it.

The judgment will be reversed and a new trial granted.

COOLEY, C. J. and CAMPBELL, J. concurred.