BERGE, Respondent, vs. KITTLESON, Garnishee, Appellant.

*November 11—December 13, 1907.*

*Evidence: Opinions: Mental operations: Fraudulent conveyances: Intent: Participation of vendee: Evidence: Exemptions: Necessity of selection of property specifically exempt.*

1. On the trial of a garnishment action by the court it appeared, among other things, that the defendant was delivering milk to a creamery and on the 13th of a certain month transferred his cows to the garnishee, who continued delivery during the remainder of the month and received the sum due for the whole month's delivery. On being interrogated in that behalf the garnishee claimed he did not know what amount he had re-

ceived for the first thirteen days. *Held,* that it was not error, against objection, to permit the garnishee to answer a question: "We don't want it exact, but we want your opinion, your judgment on the matter." The answer was neither opinion evidence nor "guesswork."

2. On the trial of a garnishment action by the court it is not error to sustain an objection to a question asking the garnishee to state what was in his mind and referred to by him when he made certain statements.

3. In an action brought to charge appellant as garnishee, the evidence, stated in the opinion, is *held* to support findings that the principal defendant, by his transfer to the garnishee, intended to hinder, delay, and defraud the plaintiff, and that the garnishee knew of that intent and aided in carrying it out.

4. In such case the fact that the garnishee paid other creditors out of the proceeds of the transfer does not necessarily, or as matter of law, negative intent to hinder, delay, or defraud the plaintiff. Such fact is proper to be considered in negation of fraudulent intent, but is not conclusive upon that question.

5. Where personal property consisting, among other items, of twenty-seven hogs and seven cows is transferred in fraud of creditors by indivisible or unapportionable act or instrument of transfer, ten hogs and two cows only being specifically exempt, there must be selection on the part of the debtor, or some person authorized by him, in order to preserve the exemptions and properly separate the proceeds or value of the animals identified as exempt from the proceeds or value of the animals not exempt.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from a judgment rendered in an action brought to charge the appellant as garnishee of George Kenner.

*Emerson Ela,* for the appellant.

*William Ryan,* for the respondent.

TIMLIN, J. The action was tried by the court, and, except the first, the errors go to the sufficiency of the evidence to uphold the findings.

The first assignment of error is to the effect that the trial

court erred in admitting evidence under the following circumstances: The alleged principal debtor, Kenner, was, up to the time he left, engaged in delivering milk from several cows owned by him to a creamery, and had made such delivery up to November 13th, when he transferred his cows to the appellant, who continued the same method of delivery during the remainder of the month of November and received for the whole month's deliveries $81.88. In the endeavor to ascertain what part of this was the proceeds of Kenner's deliveries the appellant was asked what amount he received for the first thirteen days, and he claimed he did not know. Whereupon: "*Q.* We don't want it exact, *Mr. Kittleson,* but we want your opinion, your judgment on the matter." Objection was made and overruled, and the witness said: "About $25 to $30." Another witness connected with the creamery was asked, and answered under objection, what amount appellant received for milk delivered during November, and also testified that what he got for deliveries up to the 13th would be more than half of this amount. The garnishee defendant was asked to tell what he had in mind and referred to when he made certain statements, and an objection to this question was sustained. We find no reversible error in either of these rulings. It is neither opinion evidence nor "guesswork" for a witness to give an estimate of what proportion of a given sum was derived from one source rather than another. The objection to the question calling upon the witness to tell what he had in mind and referred to when he made a certain statement unambiguous in itself was under the circumstances properly sustained.

We are unable to say that the findings of the trial court are not supported by the evidence. The plaintiff, the defendant Kenner, and the garnishee lived in the house of the garnishee—Kenner as tenant and the plaintiff as employee of Kenner. There was a marriage contract between plaintiff and Kenner, for the breach of which occurring prior to No-

vember. 13, 1905, the plaintiff later recovered judgment against Kenner. There is evidence tending to show that prior to the date last mentioned the appellant knew the plaintiff had threatened to institute legal proceedings against Kenner, and knew their relation and that the plaintiff had threatened or attempted suicide. On November 13, 1905, the appellant and Kenner went to the village of Mt. Horeb and there canceled Kenner's lease of the appellant's farm, and Kenner gave a bill of sale to the appellant of the property in question, which was at that time on said farm. Kenner and the appellant parted at Mt. Vernon and from there the appellant walked home. Kenner went to Verona, left his horse in a livery stable, executed a bill of sale of all his remaining property to his brother, and has not since been heard from. Appellant came home and saw the plaintiff taking care of the cattle and property of Kenner and did not inform her that he had purchased the same, at least for some time.

We consider the evidence sufficient to support the finding that Kenner, by the transfer in question, intended to hinder, delay, and defraud the plaintiff, and that the appellant knew of that intent and aided in carrying it out. The bill of sale from Kenner to the appellant purported to convey seven cows, one horse, three steers, twenty-seven hogs, two sets of harness, one single harness, one McCormick binder, and some minor articles. The appellant paid therefor $470 in cash and released the amount of rent due from Kenner under the lease, being $94, and Kenner also transferred to the appellant the amount due upon milk deliveries above mentioned up to November 13th.

It is claimed by the appellant that a large part of the property in question was exempt property, and that part of the money received from appellant by Kenner was applied by the latter to the payment of *bona fide* debts, and that the effect of these two facts is to render the transfer to appellant valid, overcoming all evidence tending to show fraud, because:

to the extent that the property was not exempt the proceeds of
the alleged sale were properly used by Kenner, which indi-
cates preference of creditors, not fraud, and to the extent that
the property was exempt there could be no fraud predicated
of its transfer. But the fact that Kenner paid other creditors
out of the proceeds of the sale to appellant does not neces-
sarily or as matter of law negative intent to hinder, delay,
or defraud the appellant. It might be otherwise were the
transaction a straight act of preference. These facts were
proper to be considered in negation of fraudulent intent,
but were not conclusive upon that question. *Avery v. Jo-
hann,* 27 Wis. 246. Of the property transferred to the ap-
pellant by Kenner, if we assume that the latter had an ac-
tual residence in this state and that he had no other property,
the horse, ten of the twenty-seven hogs, and two of the seven
cows were specifically exempt under subd. 6, sec. 2982, Stats.
(1898). There is no specific exemption of the harness or
binder, but they may be included in and make up farm uten-
sils exempt to an amount not exceeding $200 in value. The
binder and three sets of harness therefore came under the
law which requires selection by the debtor to the same ex-
tent as the articles in subd. 8 of the same section require
selection. *Bates v. Simmons,* 62 Wis. 69, 22 N. W. 335;
*Zielke v. Morgan,* 50 Wis. 560, 7 N. W. 651; *Bong v. Par-
mentier,* 87 Wis. 129, 58 N. W. 243. There was no selec-
tion made at any time prior to or during the trial of the ac-
tion. The horse, ten of the swine, and two of the cows re-
quired no selection in order to enforce the claim of exemp-
tion if they had been transferred by the debtor uncommingled
with other property not exempt. *Carhart v. Harshaw,* 45
Wis. 340. But, where specifically exempt items of personal
property are transferred in fraud of creditors with a larger
amount of property which is nonexempt by indivisible or un-
apportionable act or instrument of transfer, there must also
be selection on the part of the debtor or some person author-
ized by him. Otherwise the court will be unable to accurately

determine the cause. For illustration: Of seven cows or seven horses transferred one might be worth $300, one $200, and the other five varying in value from $30 to $100. Which two shall be considered exempt where no selection is made? To what extent should the fraudulent transfer be avoided? In the case at bar there was, as has been said, no selection, and there was furthermore no such definite and certain presentation of the value of particular items and of the value of the remaining property of Kenner as would enable the trial court, even if selection had been made, to properly separate the proceeds or value of the animal identified as exempt from the proceeds or value of the animal not so identified.

It follows that the judgment of the court below must be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.