# CHARLESTON.

### TAYLOR *v.* BELVILLE, TRUSTEE, *et al.*

Submitted September 10, 1910.  Decided March 12, 1912.

1. EXEMPTIONS—*Liens—Constitutional Law.*
    Code 1906, ch. 71, sec. 6, forbidding the giving of a lien by a husband or parent on property that has been set aside as exempt from distress or levy, is not contrary to constitutional inhibition. (p. 487).

2. SAME—*Setting Aside—Procedure.*
    Personal property can only be set aside as exempt from distress or levy by delivering to the officer holding process to which it is subject the sworn list and claim prescribed by Code 1906, ch. 41, sec. 24. (p. 486).

3. SAME—*Claims.*
    The right to exemption of property from legal process depends on statutory authority and is not availing unless claimed in accordance therewith. (p. 486).

Appeal from Circuit Court, Cabell County.

Bill by C. B. Taylor against Samuel Bellville, trustee, and others. Decree for defendant, and plaintiff appeals.

*Affirmed.*

*J. W. Perry,* for appellants.

*Wyatl & Graham,* for appellees.

ROBINSON, JUDGE:

The bill sought an injunction against a sale of personal property under a deed of trust, on the ground that the property had been set apart as exempt from distress or levy. The injunction prayed for was awarded. Defendants demurred to the bill. The demurrer was sustained, the injunction dissolved, and the bill virtually dismissed by striking the case from the docket. Plaintiff, appealing, says all this is erroneous.

That an injunction is a direct remedy to prevent the sale of exempted property cannot be questioned. A statute so prescribes. Code 1906, ch. 133, sec. 1. That a deed of trust is void when given by a husband or parent on property which has been set apart as exempt from distress or levy in the manner provided by law, is also prescribed by statute. Code 1906, ch. 71, sec. 6.

It is submitted, however, that this latter statutory provision is unconstitutional and void. We do not so hold. There is nothing in the Constitution limiting the power of the Legislature so to enact. It has power to say that an exemption claimed by a debtor against legal process shall not be waived by him. That is all the act does. The act is an exertion of the power of regulation expressly given to the Legislature by the Constitution itself in the matter of exemptions from forced sale. Art. 6, sec. 48. "The people in their Constitution, as far as future debts may affect it, have the right to provide for any sort of *homestead*, guarded as they please, subject to or without restrictions; to prohibit the owner of the homestead from incumbering it, or to permit it to be done; and, unrestricted by the Constitution, the Legislature has the same power." *Moran v. Clark*, 30 W. Va. 358. The same must be equally true as to personal property exemptions.

But let us note the words of this statute: "Any deed of trust, mortgage, or other writing, made by a husband, or parent, to give a lien on property which has been set apart as exempt from distress or levy, under the twenty-third section of the forty-first chapter, shall be void as to such property." This law does not invalidate a deed of trust unless it is one given "on property which has been set apart as exempt from distress or levy" pur-

suant to another section of the law. That other section is this: "Any husband or parent residing in this State, or the widow, or the infant children of deceased parents, may set apart and hold personal property to the value of not exceeding two hundred dollars, to be exempt from execution or other process, except as hereinafter provided." Plainly, to invalidate the deed of trust it must be one given on property that has been set apart as exempt from distress or levy. The exemption cannot be claimed as against the deed of trust in the first instance. It must have been claimed against distress or levy in relation to the property—against a distress or levy to which the property was subject before the deed of trust was given thereon.

Now, plaintiff's bill wholly fails to assert facts which show invalidity of the deed of trust under the statute. It does not show that the deed of trust was given on property that had been set apart as exempt from distress or levy. It does not allege that any legal process was ever outstanding to call for an exercise of the right of exemption. It does say that an exemption list had been filed. But with whom, is not disclosed. It does say the creditor was pressing his claim. But it does not show that he had any judgment or other basis of legal process against plaintiff. As much as may be inferred from the allegations of the bill is that the exemption list was filed with the debtor. Such a method of asserting exemption is not the one provided by law. That method does not exempt the property. It must be done in the way the Legislature has prescribed. It must be done by filing the sworn list and claim with an officer having process by which the property may be subjected to sale. The law plainly sets forth the way to claim exemption. If not followed, what is there to prevent the officer from proceeding to sell and the debtor from losing the benefit of exemption? Code 1906, ch. 41, secs. 24 and 25.

The provision of the Constitution as to exemptions from forced sale is not self executing. *Speidel* v. *Schlosser,* 13 W. Va. 686; *Holt* v. *Williams,* 13 W. Va. 704. It simply imposed on the Legislature the duty to pass an act giving exemptions. That act having been passed, the debtor must look to it for his right and the method of asserting it. The right to claim the exemption is merely a personal one. He is not compelled to

take advantage of it. He may let his property go to sale, though entitled to exemption, either by choice or neglect. *Speidel* v. *Schlosser, supra.* "There is no power vested in his wife or children, or other member of his family, to require him to hold it exempt." *White* v. *Owens,* 30 Grat. 43. His dominion over the property as the owner thereof has not been taken away so that he cannot waive the exemption, neglect to claim it, or fail to assert it in the proper way. He must follow the method prescribed by the law when he desires to claim exemption or the right will be lost to him. Since the entire right depends on statutory authority, it must be claimed in accordance therewith.

The Legislature has not said that the exhibition of an exemption list to the creditor, or to a trustee in a deed of trust for his benefit, will save the property from sale thereunder. Yet that is indeed the case the plaintiff makes. If plaintiff had facts on which to make a good case and did not present them, the fault must lie with him. It does not appear that the bill can be amended. Moreover, plaintiff did not ask to amend, and the court below could do nothing but sustain the demurrer and dismiss the bill, as it properly did. The decree must be affirmed.

*Affirmed.*

BRANNON, PRESIDENT, (*dissenting*):

I cannot agree that before the exemption can be claimed against a deed of trust the property must have been set apart as exempt under prior execution or other judicial process. I assert that it may be claimed though there has been no prior judicial writ. I can not think that it was ever intended to give an exemption against an execution and none against a deed of trust. A deed of trust deprives a family of its absolute necessaries as well as an execution; does the very thing which the constitution says shall not be done. The constitution says that a party may hold personal property of the value of $200.00 "exempt from forced sale." Any writ or deed of trust by force of which the parent may lose the property is a "forced sale" under the constitution. What the difference? Both deprive the parent of the property. It is "process" under ch. 41, sec. 23, code, declaring that a parent may hold personal property of

$200.00 value exempt from "execution or other process." "Other process" besides execution is here allowed. What "other process"? I say anything under which, by law, a sale may be made. The constitution gives exemption from any "forced sale," and we must give the code section a construction which will not violate the constitution; which will not be a rigid construction narrowing the effect of the constitution. That would be contrary to the fixed rule giving very liberal construction to those exemption laws in favor of the poor debtor. And another rule, that we must give a statute made to carry out a right under the constitution such a construction as will effectuate the full right conferred by the constitution. The code, ch. 71, sec. 6, declares void any deed of trust on "property which has been set apart as exempt from distress or levy under the twenty-third section of the forty-first chapter."

That section 23 simply declares what the constitution declares, that is, the exemption right. It means what the law sets apart; if not that, it is satisfied, if at any moment before actual sale the parent sets apart the property claimed. *Moran* v. *Clark,* 30 W. Va. 359, does not apply in this case. It holds that a sale of a homestead under deed of trust is not a "forced sale" under the constitution. I doubt; but no statute prohibited a deed of trust on a homestead; whereas, as to personal property, statute prohibits a deed of trust. That case dealt not with a statute declaring a deed of trust void, as in this case. Code ch. 133, sec. 1, gives injunction against "the sale of property set apart as exempt in case of husband, under chapter 41." Any sale under any legal procedure. Just so it be set apart before sale under the broad declaration of exemption by sec. 23.

It is suggested that the constitution gives power to the Legislature to pass regulations upon the subject. That does not give the power to invade or impair the *right*. And we must not construe the statutes as so doing.