## PARSONS v. EVANS.

No. 3522.   Opinion Filed December 22, 1914.

Rehearing Denied January 30, 1915.

(145 Pac. 1122.)

1.   **EXEMPTIONS—Setting Apart—Right—Duty of Officer.** Under the statutes in this state, it is no part of the duty, nor is it the right of an officer holding an execution, to select and set apart the judgment debtor's exempt property. Neither is it his duty to advise him as to his right to certain exemptions. The right to claim and select exempt property rests wholly with and can be exercised only by the judgment debtor.

2.  **SAME—Duty to Claim—Officer Holding Process.** Where a judgment defendant, having more property of a certain class than is exempt by statute, desires to claim his exemptions out of the whole, it is his duty to promptly inform the officer, holding process, of the particular property selected and claimed as exempt from levy.

3.  **SHERIFFS AND CONSTABLES—Levy on Exempt Property— Liability.** Where only a part of property levied upon is claimed as exempt, a demand by the execution defendant for the return of his exempt property, unaccompanied by any effort to make a selection of a part out of the entire lot, will not, in an action in replevin for possession of the exempt property subsequently selected and claimed, entitle such party to damages against the officer for the detention of such exempt property; the officer making no further defense to the action than to resist plaintiff's right to recover damages.

4.  **EXEMPTIONS—Right—Personal Privilege.** The right of exemption is a personal privilege, which, in order to be availed of, must be claimed by the debtor. He is not compelled to take advantage of it. He may let his property go to sale, either by choice or neglect.

(Syllabus by Sharp, C.)

*Error from County Court, Alfalfa County;*

*A. J. Jones, Judge.*

Action by J. P. Evans against W. H. Parsons. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Titus & Carpenter,* for plaintiff in error.

*A. C. Beeman,* for defendant in error.

Opinion by SHARP, C. This is an action in replevin filed February 8, 1910, by J. P. Evans against W. H. Parsons, a constable, to recover certain personal property, most of which had on February 5th, prior thereto, been taken from the possession of the plaintiff by defendant, by virtue of an execution issued out of a justice court in the case of J. W. Howard against J. P. Evans; judgment having been obtained against the defendant in that action, who is the plaintiff in the present action. After describing the property sought to be recovered, which consisted of ten hogs, two horses, two cows, one buggy, one set of harness, and

about 50 bushels of corn, all of which was alleged to be exempt under the laws of the state, plaintiff in his petition asked for damages in the sum of $100 for the wrongful detention of said property. With the exception of four hogs taken under the execution, three of which belonged to the tenant of plaintiff, living on the farm from which the property was taken, the other one not being claimed as exempt, and two horses, the property replevined was identical with that taken under the execution. The hog and two horses not claimed as exempt in the present case were sold by defendant in satisfaction of the execution, to which plaintiff herein made no objection. On the same day that the action in replevin was filed, the writ issued to the sheriff, which the latter executed on February 9, 1910, by levying upon and taking said property into his possession. On March 10th following, defendant filed his answer to the petition of plaintiff, denying generally the allegations contained therein, and on December 7th thereafter filed an amended answer, which contained the following additional defenses:

"(1)    This defendant admits that he was in possession of the property described in plaintiff's petition.

"(2)    That said possession was by virtue of an execution issued out of the justice court of T. J. Hawley, a justice of the peace of Byron township, said county and state, and levied upon said property; that said levy was made subject to a certain mortgage of said plaintiff in favor of the Bank of Cherokee, Okla., and that, at the time of said levy, the property described in plaintiff's petition was in the possession of said mortgagee.

"(3)    That upon demand of said plaintiff for the possession of the property described in said petition, claiming said property by reason that same was exempt under the laws of this state, this defendant immediately delivered the property to said plaintiff and has not at any time made claim to said property since said date."

Trial was had December 9th and resulted in a judgment in favor of plaintiff for the sum of $5 and costs. Motion for a new trial, being filed, was sustained July 26th, 1911, defendant filed a second amended answer, in which the further de-

fenses were set up that the ten hogs replevined were turned over to plaintiff as soon as selected from the fourteen taken under the execution, and that, as to the other property, it had never been in the possession of defendant under the execution issued in the case of Howard against Evans, but instead was in the possession of one D. B. Harrison, for the Bank of Cherokee, which at the time held a mortgage on it. The second trial resulted in a verdict for $25, and judgment was rendered accordingly. Motion for new trial having been overruled, the case is brought here on appeal.

The defendant by his amended answer having disclaimed right of possession to the property, and conceded it to be in plaintiff, the court very properly instructed the jury that the only questions to be determined by them were whether the property was wrongfully detained by defendant before being released, and, if so, the amount of damages suffered, if any. The principal question for our determination is whether the defendant wrongfully detained the property, or any part of it, from the plaintiff. This involves other considerations, namely: (1) Is it a duty of an officer, when levying an execution, to inform the debtor or his agent of his statutory exemption rights; (2) is the statute self-executing, or must the debtor claim the exemptions allowed him; and (3) how, if necessary, should he make his claim?

We find nothing in the statutes making it the duty of an officer, when levying an execution, to inform the debtor of his right to exemptions. Section 6405, Comp. Laws 1909 (section 5484, Rev. Laws 1910), provides that the execution for the enforcement of a judgment before a justice of the peace must be directed to a constable of the county, who shall collect the amount of the judgment from the personal property of the debtor, etc. Section 6451, Comp. Laws 1909 (section 2075, Rev. Laws 1910), gives a constable, in serving process and doing his duties, generally, the same authority and power over goods and chattels as is granted by law to a sheriff under like process issued from courts of record. Section 5972, Comp. Laws 1909 (section 5156, Rev.

Laws 1910), names the property upon which execution shall be levied, etc. Unless, then, the duty of the constable, or other officer, to inform the debtor of his right to exemptions can be inferred from the statute granting such exemptions (section 3346, Comp. Laws 1909; section 3342, Rev. Laws 1910), we must conclude that it is not imposed upon him. This statute reads in part:

"The following property shall be reserved to every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided: [Naming different classes of personalty exempt.]"

Doees this statute of itself sufficiently set apart, from all personal property that a resident of the state may own, so much thereof as is specifically exempted thereby, so that, before it can be taken under execution, the officer of the law must inform the debtor of his right to retain it? Or, continuing, can it be said that specific amounts of the property exempted are placed beyond the reach of an execution in any case? Both of these questions, we think, should be answered in the negative. The statute plainly states the duties of an officer, such as sheriff or constable, and how such duties shall be performed, but nowhere includes that he shall legally advise a debtor whose property he may be about to subject to an execution. Discussing this question, it is said in Wells on Replevin (2d Ed.) sec. 269:

"An officer with execution is not bound to consult with the execution debtor as to what property is exempt, but he may seize and proceed to sell any or all the debtor's property upon which he can lay his hands; and, if the debtor desires the protection of the statute, he must invoke its aid. It does not operate unless its shelter is sought. When exempt property is levied on, the debtor ought, at the time, or seasonably thereafter, to specially claim the benefit of the exemption; he cannot sustain replevin for property he has not selected and claimed as exempt. So, when a certain amount of a particular kind of property is exempt, the debtor must select and claim or in some lawful manner assert his rights. If the sheriff levy execution on the whole of that class of property, the debtor cannot sustain replevin until he select and demand the exempted portion."

In *Williams v. Brown,* 137 Mich. 569, 100 N. W. 786, the same question was considered. It is there said:

"Where no duty of selection is imposed upon the officer, the debtor waives his right to the exemption if he fails to demand it."

Judgment debtors should be given an opportunity to claim their exemptions, but this does not mean that they may not waive such right. We have no doubt but that in some instances a debtor may be willing to have a judgment against him satisfied out of exempt property which he may own, rather than have such judgment outstanding, unpaid. It has been very generally held that the right of exemption is a personal privilege, which, in order to be availed of, must be claimed by the debtor. *Scanlan v. Guiling,* 63 Ark. 540, 39 S. W. 713; *Kahn v. Hayes,* 22 Ind. App. 182, 53 N. E. 430; *Wilson v. Montague,* 57 Mich. 638, 24 N. W. 851; *York et al. v. Carlisle,* 19 Tex. Civ. App. 269, 46 S. W. 257; *Taylor v. Velville,* 70 W. Va. 484, 74 S. E. 517; *Wicker v. Comstock,* 52 Wis. 315, 9 N. W. 25; *Stanton v. French,* 83 Cal. 194, 23 Pac. 355.

In the present case demand was made over the phone, for the return of the exempt property, before the beginning of the action; but there being more stock than was claimed as exempt, and no selection of the exempt from the nonexempt having been made, the mere demand for so much exempt property was not sufficient. It is true that in this case plaintiff demanded ten of eleven hogs belonging to him as exempt, but there were also three other hogs in the same herd held by the defendant belonging to plaintiff's tenant, and it is reasonable to suppose that defendant would, if he had made the selection for defendant, have chosen a part of the hogs belonging to said tenant, for he did not know which belonged to the tenant. When plaintiff did make his selection after this action was commenced, he refused to accept the ten at the time driven out of the herd by the defendant, but made his own selection. This confirms our statement that in all probability he would not have been satisfied had defendant made

the selection for him at the time demand was made upon him over the telephone.

In *Schwartz v. Birnbaum,* 21 Colo. 21, 39 Pac. 416, it is said in the syllabus:

"Where only part of the property levied on is claimed to be exempt, the mere demand by the execution defendant of his right to select is not equivalent to making the selection, so as to perfect the right of exemption."

In *Smith v. Chadwick,* 51 Me. 515, the opinion quotes from the case of *Clapp v. Thomas,* 5 Allen. (Mass.) 158, as follows:

"If the debtor, who has a larger quantity of any kinds of provisions than the law exempts from attachment, sets apart no portion thereof for the use of his family before it is about to be attached, and makes no claim to any portion of it, when the officer is about to attach the whole, he cannot maintain an action against the officer, who takes the whole."

And adds:

"We recognize that decision as sound law.   *   *   *"

In *Seaman v. Luce,* 23 Barb. (N. Y.) 240, there is the following discussion of the duties of an officer in a case similar to the present one:

"It will hardly do to hold that the officer is invested with the absolute authority to determine, before he makes the levy, which of the three horses belonging to a defendant in an execution shall be taken, and which two shall be exempt as a team for the defendant. He might leave the defendant one of the three horses which would not work in a team with another horse at all, and thereby literally deprive the defendant of the benefit of a team. If we allow the officer the absolute right of determining which two of the three horses shall be exempt, he may in very many ways use the authority so oppressively as to render this statute, which was intended to secure a team to a judgment debtor as exempt property, of very little value to the debtor. On the contrary, if we allow the defendant in the execution the unqualified right of selecting from the class of exempt property to the extent of holding the officer liable as a trespasser in case he does not, before he makes his levy, call upon the execution debtor and request him to elect from the class of exempt prop-

erty which he will claim as exempt, such a requirement would render the execution of the process extremely onerous upon public officers, and in many cases would seriously prejudice the rights of judgment and execution creditors."

Other authorities to the same effect are *Tullis v. Orthwein,* 5 Minn. 377 (Gil. 305) ; *Berge v. Kittleson,* 133 Wis. 664, 114 N. W. 125; *Williams v. Brown,* 137 Mich. 569, 100 N. W. 786; *Haskins v. Bennett,* 41 Vt. 698; Wells on Replevin, sec. 269. No selection of the ten hogs from the fourteen taken under the execution having been made prior to the bringing of plaintiff's action, as to them there could have been no wrongful detention by the defendant, and the plaintiff was not entitled to damages for injuries which may have been suffered by said hogs while in defendant's possession. As to the property other than the hogs, the undisputed evidence shows it to have been taken, not by defendant under the execution, but by one Harrison, for the Bank of Cherokee, the mortgagee of such property, and placed in the possession of one Christensen for said bank, and that said Christensen continued in the possession of said property for the bank until after the commencement of the present action. It is true that defendant levied on the mortgaged property "subject to the mortgage," as well as on the hogs, which levy as to said property was invalid. *Moore v. Calvert,* 8 Okla. 358, 58 Pac. 627. But this does not contradict the testimony of Christensen and the other witnesses that it was held and taken care of for the Bank of Cherokee, which had taken the property under its mortgage. We conclude, therefore, that the plaintiff was not entitled to damages for the wrongful detention of any of the property levied on, under the execution.

The judgment of the trial court awarding damages should therefore be reversed, but without prejudice to the rights of the defendant in error to retain possession of his exempt property. The costs should be taxed to the defendant in error.

By the Court: It is so ordered.