# CHARLESTON.

STATE, USE OF J. H. MANNS, *v.* D. C. STATON *et al.*
(C. C. 332.)

Submitted January 20, 1925.    Decided January 27, 1925.

1. EXEMPTIONS—*Exemption List Must Be Delivered to Officer Holding Execution; Delivery of Exemption List to Justice of Peace Issuing Writ of Execution Held Not Compliance With Statute.*

   To be availing, the exemption list provided for by section 24 of chapter 41 of the Code, must be delivered to the officer holding the execution, and delivery thereof to the justice of the peace issuing the writ does not comply with the statute. (p. 104).

   (Exemptions, 25 C. J. § 257 [1926 Anno].)

2. JUSTICES OF THE PEACE—*Justice is not Liable on Official Bond for Failure to Deliver to Constable Holding Execution Exemption List Filed with Him by Judgment Debtor Regardless of Promise to do so.*

A justice of the peace is not liable on his official bond for failure to deliver to his special constable holding an execution issued by him an exemption list filed with him by the judgment debtor against whom the execution was issued, though he may have promised the debtor to deliver the list to the constable: such an omission or oversight on the part of the justice is not a breach of any official duty covered by the conditions of his bond. (p. 103).

(Justices of the Peace, 35 Cyc. § 42.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Fayette County.

Action by the State, to the use of J. H. Manns, against D. C. Staton and others. After overruling a demurrer to the declaration, the trial court certified the question of the correctness of its ruling.

*Reversed.*

*Dillon, Nuckolls & Mahan,* for defendants.

MILLER, JUDGE:

This action was brought on the official bond of defendant, a justice of the peace. The declaration alleges that the defendant rendered a judgment against the plaintiff in this action and placed in the hands of a special constable appointed by him an execution, which the latter levied on certain of plaintiff's property. Claiming the exemption allowed by Section 23 of Chapter 41 of the Code, and pursuant to Section 24 of said chapter, plaintiff prepared a list of all the property owned by him, with the value of each item, aggregating $167.50, an amount less than that exempted by said Section 23, and verified the list and valuation by affidavit. Plaintiff alleges that he filed this list and affidavit with defendant, who promised to deliver it to the constable holding the execution, but that defendant failed to carry out his promise, as a result of which the constable sold certain of the property levied upon, to the value of $96.00.

The lower court overruled defendant's demurrer to the declaration, and has certified to us the question of the correctness of its ruling.

The question certified is whether or not a justice of the peace is liable on his official bond for failure to deliver to his special constable holding an execution issued by him an exemption list filed with him by the judgment debtor against whom the execution was issued, when he promised the latter to deliver it to the officer.

Section 31 of Chapter 50 of the Code makes a justice of the peace liable on his official bond for any neglect of duty, default or misconduct of a special constable appointed by him in the matter for which he was deputed. Surely it can not be said that the constable was guilty of any neglect of duty, default or misconduct. It is not alleged that he knew of the existence of the exemption list. He only proceeded to carry out the execution in the discharge of his duty as directed by the writ.

Section 24 of Chapter 41 of the Code provides that the debtor claiming exemption under Section 23 of that chapter shall deliver to the *officer holding the execution or other process* the verified list of the property sought to be exempted from levy. The officer must immediately, upon receipt of the list, exhibit the same to the creditor, his agent or attorney, and the creditor may then demand an appraisement of the debtor's property. The right of exemption is a privilege extended to a debtor by the statute, and the statute directs that the verified list must be delivered by the creditor to the officer holding the execution, not to the judge or justice issuing such execution. The surety on the bond of a public officer is not liable except for breaches of official conduct. It was no part of the justice's official duty to receive the exemption list and deliver it to the constable. The statute prescribes how the constable is to be advised of the debtor's claim of exemption. The whole proceeding provided for by Sections 23-29 of Chapter 41 are outside of court, except the jurisdiction of the circuit court, on motion of any person aggrieved, to set aside the appraisement and order a new one. It is not a breach of official conduct for a public officer to omit the performance of a friendly act requested by a judgment debtor, as in this case. The judgment

creditor is entitled to the execution of his writ in the hands of the officer to whom that duty has been committed, unless for some reason the officer is obstructed in a lawful way; and if the debtor elects to have his property exempted from levy and sale, when entitled so to do by the statute, he must proceed in the manner prescribed by the statute. Filing the exemption list with the justice issuing the writ is not a compliance with the statute. In *Taylor* v. *Belville,* 70 W. Va. 484, it was said: "It must be done by the filing of the sworn list and claim with an officer having process by which the property may be subjected to sale. The law plainly sets forth the way to claim exemption."

We are of opinion that the exemption list, properly prepared and verified, must be delivered to the officer holding the execution, and that delivery thereof to the justice issuing the writ does not comply with the statute, and will not render the justice liable on his official bond if he fails to stop the sale of the property levied upon.

The ruling of the lower court will be reversed.

*Reversed.*